No. 30.—F. J. B. Brown, plaintiff in error, *vs.* Sanders W. Lee, defendant in error.

No. 31.—F. J B. Brown, plaintiff in error, *vs.* John W. Perry, defendant in error.

These two cases being similar in their facts and involving the same legal question, were heard together.

Nothing can be a ground for a motion in arrest of judgment unless it be something that appears "upon the face of the record."

*Illegality and motion to set aside judgment,* in Sumter Superior Court. Decision by Judge Allen, at October Term 1856.

This was a motion by plaintiff in error, in the Court below, to set aside two judgments rendered against him on the appeal, on the grounds:

1st. Because the appeal docket was taken up and verdicts given in those cases in which the defendants, by themselves or counsel, would not state that they had good and substantial grounds of defence; and any cause was continued when defendant or his counsel made said statement; which mode of proceeding and calling the docket was irregular, and virtually denied to defendant the right of striking the jury; and cases were thus continued which should not have been.

2d. Because the jury thus constituted were instructed by the Court, in the first case submitted, to retire, and that they might decide to assess a per cent. for damages in all cases in which they should find verdicts, and, thus instructed, the jury assessed a general per cent. for all the cases submitted to them and did not consider each case separately, nor did they retire in these cases.

Upon hearing argument the Court dismissed the motion

and refused to set aside the judgment, and counsel excepted and assigns error.

SMITH & CRAWFORD, for plaintiff in error.

WORRELL, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

In these cases the motion was a technical motion in arrest of judgment, not a motion for a new trial.

But the grounds of the motion are not such as are adapted to a motion in arrest of judgment. They are such as suit a motion for a new trial.

"The only ground of *arresting* judgment at this day is some matter *intrinsic*, appearing upon the face of the record, which would render it erroneous and reversible; for though it seems to have been otherwise formerly, yet it is now settled, that judgment cannot be arrested for *extrinsic* or foreign matter, not appearing on the face of the record, but the Courts are to judge on the record itself, that their successors may know the grounds of their judgment." This is the language of Mr. Tidd; and no doubt it expresses what is the law. 2 *Tidd*, 918.

None of the grounds of this motion appeared "upon the face of the record." None of them, therefore, was a ground adapted to the motion. Of course therefore, none of them could be a ground sufficient to support the motion.

And although it is true, that the grounds are such as suit a motion for a new trial, yet they cannot be available in this case for the motion, considered as a motion for a new trial. The motion as a motion for a new trial came too late.

The motion was not made until the second term of the Court after the trial. And although made at that term, yet it was not preceded by a "twenty day's notice," given to the other party.

So, that the motion was too late, tried, whether by the decisions of this Court, or by the statute. *Sec.* 1 *Kelly* 253 ; 4 *Ga. R.* 157; *Pr. Dig.* 432 ; *Sec.* lvii.

We think, therefore, that the judgments in both cases ought to be affirmed.

Judgment affirmed.