JOHN DURDEN, plaintiff in error. v. CARHART & BROTHER, defendants in error.

(Atlanta, June Term, 1870.)

FAILURE TO PLEAD—EVIDENCE CANNOT BE INTRODUCED—RIGHT TO OBJECT TO RENDITION OF JUDGMENT.* —When a verdict of the jury had been rendered against the plaintiffs,

---

*FAILURE TO PLEAD—EVIDENCE CANNOT BE INTRODUCED—RIGHT TO OBJECT TO RENDITION OF JUDGMENT.— "In the case of Durden v. Carhart, 41 Ga. 81, this court said: 'The

and they appealed to a special jury, and at the second hearing the plaintiffs introduced evidence to prove the account sued on, and closed, and defendant introduced no evidence, but his counsel proceeded to state to the jury his point, to-wit: That plaintiffs had failed to make out a case; and the Court refused to permit the defendant's counsel to be heard to make any objection to the rendition of a judgment against him, on the ground that he had filed no plea:

*Held,* That this was error. If a defendant has filed no plea he is in default, and cannot introduce evidence; but this, under the long established practice in Georgia, does not entitle the plaintiffs to a judgment till they have made out their case by proof, and the defendant without a plea, has the right to object to the rendition of a judgment against him, which upon the plaintiff's own showing is illegal.

Default. Practice. Before Judge Johnson. Talbot Superior Court. September Term, 1869.

(This cause was continued upon a suggestion of a diminution of the record.)

Carthart & Brother, of New York, brought assumpsit against Durden for goods sold and delivered. No plea was filed, but on the first trial the verdict was for defendant, and plaintiffs appealed. To the declaration was attached a bill of particulars with the date of sale and price of each article set down. The plaintiffs testified that the bill of particulars

---

only effect of a failure to plead is the loss of the right to introduce evidence. But this neither relieves the plaintiff from the necessity of making out his case by proof, nor deprives the defendant of the right to object that the plaintiff has failed to meet this requirement.' " Davis *v.* Wimberly, 86 Ga. 48, 12 S. E. Rep. 208.

SAME—RIGHT TO CHALLENGE STRENGTH OF EVIDENCE.—"The whole tenor of the opinion in 41 Ga. 76 is in favor of allowing a party in default to challenge the strength of the plaintiff's evidence, first, in the court below, and, ultimately, in this court." Hayden *v.* Johnson, 59 Ga. 107.

SAME—SAME—NOT A CONFESSION OF CAUSE OF ACTION.—"Default, according to the system of practice which has long prevailed in this state, is not equivalent to confession of the plaintiff's cause of action. The defendant, while in default, may resist, passively, whatever is brought to attack him, but cannot make a counter attack. Though not allowed to return the fire, he is not obliged to run, but may stand until he is shot down. Exceptions to the general rule are made by statute, but this case is within the rule itself. Durden *v.* Carhart, 41 Ga. 76; Craig *v.* Pope, 48 Ga. 551." Hayden *v.* Johnson, 59 Ga. 106.

SAME—PERSONAL SERVICE—ADMISSION—CANNOT ARGUE BEFORE JURY.—"The defendant having been personally served, and having made no defense, and the statute construing his silence as an admission of the correctness of the account, there was nothing for counsel to argue to the jury; and the court did not err in refusing to allow him to address the jury. This case differs from that of Durden *v.* Carhart, 41 Ga. 76. In that case, while no plea was filed by the defendant, there was no personal service, and the proof of the account was not satisfactory; this court held, that although the defendant had filed no plea, he had a right to object to the rendition of a verdict against him for the want of sufficient evidence, and that he had a right to argue upon the evidence to the jury." Stephens *v.* Gate City Gas Light Co., 81 Ga. 153, 6 S. E. Rep. 838.

was copied from their books, "was correct and unpaid," and a merchant testified that the prices affixed to said articles were about what was at the time usual for such articles in New York. The plaintiffs' attorney here closed. The defendant introduced no testimony, and claimed the right to be heard before the jury, saying he wished to contend that plaintiffs could not recover, because the testimony did not, with sufficient certainty, show any particular amount due them by Durden. But because he had filed no plea, the Court refused to allow him to argue the cause before the jury. Plaintiffs obtained a verdict for the amount claimed by them, and Durden's counsel sued out a writ of error, saying the Court erred in said refusal.

Marion Bethune, for plaintiff in error.

Willis & Willis, for defendants.

78          *By the Court—BROWN, C. J., delivering the opinion.

The record in this case shows, that on the first trial the jury found in favor of the defendant, and the plaintiffs appealed to a special jury. On the second hearing, the plaintiffs introduced evidence to prove the account sued on, and closed. The defendant introduced no evidence. Defendant's counsel then proceeded to state his points to the jury, to-wit: that plaintiffs had failed to make out a case, and on that ground he objected to the finding of a verdict against him. The Court ruled that defendant had no right to be heard, or to make any such objection, as he had filed no plea. And this is the error assigned.

In the case of McConnell v. Bryant, 38th Georgia Reports, 639, decided at last June Term of this Court, Bryant, a millwright, had filed his affidavit to foreclose his lien on a mill, and McConnell had filed his counter-affidavit, which, under our statute, makes up the issue. That case, like this, had gone to the appeal; and on the appeal trial, McConnell failed to appear, and his counsel abandoned his case, and refused to represent him further, on the ground that his fees were not paid. The Court below ordered McConnell's affidavit to be dismissed, and directed the execution which issued on Bryant's affidavit to proceed, and we held that the Court should have required Bryant to make out his case, as in other cases of default, by prima facie proof of the justice of his claim, before he was permitted to take judgment.

If the plaintiff in a case in default is bound, as is well established in this State, to make out his case by prima facie proof of the justice of his claim, before he is entitled to judgment, why may not the defendant object to the rendition of a judgment against him, till this rule of law has been complied with? The English practice on this subject has never been adopted in Georgia. There, in case judgment is rendered by default, if the suit is for a specific thing, as in an

action of debt for a sum certain, the judgment is absolute. But, says Blackstone, volume 3, page 398, "where damages are to be recovered, a jury must be called in to assess them, *unless the defendant, to save charges will confess the whole damages laid in the declaration; otherwise, the entry of the judgment is, the plaintiff ought to recover his damages, (indefinitely) but because the Court knows not what damages the said plaintiff hath sustained, therefore the sheriff is commanded, that by the oaths of twelve honest and lawful men he inquire into said damages and return such inquisition into Court. This process is called a writ of inquiry, in the execution of which, the sheriff sets as Judge, and tries by a jury, subject to nearly the same law and conditions as the trial by jury at nisi prius, what damages the plaintiff hath really sustained." But the defendant, under the English practice, was entitled to notice of the time of the session of the Sheriff's Court, to try the question of damages. And on the trial he had the right to appear and cross-examine the plaintiff's witnesses, and put any question which tended to reduce the plaintiff's damage. He was not, however, allowed to give evidence of fraud, or any matter which would render the contract void, upon which the suit was brought, because the validity of the contract declared on was admitted; nor was he allowed to give in evidence any matter of set-off, or other matter which was the proper subject of plea: Sewell on Sheriffs, page 550. The same rule as to notice of time of trial of the writ of inquiry, prevails in the United States Court: See Conklin's Treatise, 1831, page 246.

Instead of this practice, the damages have always been assessed in this State by a jury, in the Superior Court, upon the production of proof by the plaintiff, as in other cases. But the judgment has been rendered upon the evidence submitted by the plaintiff alone. The defendant having filed no plea, can introduce no evidence. The burden of proof is still on the plaintiff, however, and he must make out a prima facie case by proof, before he has any right to a judgment; and it is error in the Court to order judgment for the plaintiff's demand, till it has been established by proof, or to refuse to set it aside if rendered without prima facie proof of the justice of the plaintiff's demand.

But why should the defendant who has filed no plea, and *can not, on that account, introduce evidence, be denied the right of objecting to the rendition of an illegal judgment against him, upon the case made by the plaintiff? In reply it is said he can not object because he is in default. But what, in our practice, has been considered the effect of the default? He did not plead, therefore he can not introduce evidence, because the proof must follow the allegation, and as he has alleged nothing in avoidance of the plaintiff's action, he can prove nothing. But this does not relieve the plaintiff from the burden of making out a case by

Durden v. Carhart & Brother

his own proof, before he can recover: Revised Code, section 3405. If we admit that the defendant cannot appear in the Superior Court, and object to the rendition of an illegal judgment against him, because he did not plead, it must follow that he cannot except to such judgment and bring it by writ of error to this Court. It would be absurd to say that a defendant who is in default, forfeits his right to appear in the Superior Court, and object to a judgment being rendered against him, because it is not authorized by law; but, that as soon as it is rendered, he may appear and except to it by filing his bill of exceptions, which the Judge is bound to allow and certify, and, thus bring the case to this Court, and have the judgment reversed, because it is erroneous and illegal. If the defendant, by his failure to plead, forfeits his right to be heard in the Superior Court, it must follow that the same forfeiture applies to this Court. How stands the law on this subject? Section 4192 of the Revised Code, declares that, "either party in any civil cause, and the defendant in any criminal proceeding in the Superior Courts of this State, may except to any sentence, judgment, or decision, or decree, of such Court, or of the Judge thereof, in any matter heard at Chambers." In other words, either party in any civil cause, pending in the Superior Courts of this State, may except to any judgment of the Court affecting his rights. A defendant in a case in default, is a party to a cause in the Superior Court, and he has the undoubted right to except to any judgment rendered against him in such cause. If he may except to it after it is rendered, why may he not object to it before *it is entered up? Can any good legal reason be given for his exclusion in the one case, and the recognition of his right to be heard in the other? If his default forfeits his right to be heard in the Superior Court, to object to the judgment, why should it not also exclude him from the Supreme Court? If his right to be heard here to urge a reversal of the judgment, because it is illegal, be conceded, why deny him the right to urge the same objection in the Court below, to prevent that Court from pronouncing it? To concede the one right, and deny the other, seems to our minds to involve a palpable absurdity.

Whatever may be the practice elsewhere, under our system, the only effect of a failure to plead, is the loss of the right to introduce evidence. But this neither relieves the plaintiff from the necessity of making out his case by proof, nor deprives the defendant of the right to object, that the plaintiff has failed to meet this requirement. The English rule is, that the default admits that something is due the plaintiff, or that he is entitled to some damage, and in all cases on the trial of a writ of inquiry, the jury must find something for the plaintiff, and this would generally carry costs against him. We are not prepared to say that such is the rule in this

Owen v. Willis

State. The general rule here is, that the party who fails shall pay the costs: Revised Code, sec. 3625. Cases in default are to be tried by jury, and the plaintiff must fail, we think, unless he makes out a case by the necessary proof: Revised Code, sec. 3405.

Judgment Reversed.