Winslow *vs.* O'Pry.

W. C. WINSLOW, trustee, plaintiff in error, *vs.* ADAM O'PRY, for use, defendant in error.

1. The declaration at law upon a claim against a trust estate, must show on its face that the claim is for services rendered to the estate, or for articles, property or money furnished for the use thereof, or allege other facts sufficient to make a case where a court of equity would render the estate liable for the payment of the claim.

2. The execution must specify the property on which the same is to be levied. This requirement, since the execution must follow the judgment, renders it necessary that the judgment, also, should specify the property. And, as the judgment should conform to the pleadings, the property must, first of all, be specified in the declaration.

3. In a suit upon a note given by the trustee, a declaration which does not set forth any trust estate, contains no cause of action against the trust estate; and a judgment by default rendered against the trust property, will be set aside upon motion.

Pleadings.    Trusts.    Judgments.    Executions.    Before Judge HILL.    Houston Superior Court.    May Term, 1875.

O'Pry, for the use of Jones, brought complaint against "W. C. Winslow, trustee, and Eliza N. Winslow, his *cestui que trust,*" on a note dated February 1st, 1871, due one day after date, for $140 00, and signed "W. C. Winslow, trustee for his wife." The declaration was in the statutory form, with this additional allegation: "Your petitioner further showeth that said note was given for cotton seed furnished for the use of said trust estate." What constituted the trust estate was not alleged.

No plea being filed, judgment was rendered by the court against the defendants for the amount sued for, to be levied on certain described land "on which the defendant now lives, and any other property which may be found in possession of W. C. Winslow belonging to said trust estate."

The execution directed that the amount recovered be levied of the same land as was set forth in the judgment, describing it in the same words, except that the description concluded, "on which defendants now reside." No reference was made to any other property.

Tufts *vs.* Little.

Winslow, trustee, moved to set aside said judgment, because the declaration did not set forth the trust property, because the judgment did not conform to the declaration, and because the execution was not in accord with the declaration and judgment. The motion was overruled, and he excepted.

WINSLOW & BRANHAM, by W. S. WALLACE, for plaintiff in error.

W. E. COLLIER, by brief, for defendants.

BLECKLEY, Judge.

The view which we take of this case is fully developed in the head-notes. The declaration, considered as an action aimed against the trust property, was fatally defective in not specifying any such property. It did not even allege directly that there was any trust estate. Whether a judgment upon it might have been rendered against the trustee, personally, we need not consider, as no such judgment was rendered. That which was rendered should have been set aside as unwarranted by the law applicable to the pleadings.

Judgment reversed.