B. H. GAUDY, trustee, plaintiff in error, *vs.* FLOYD L. BABBITT *et al.*, administrators, defendants in error.

1. When a trustee, as such, has given his promissory note for the debt, and the note is declared upon, the same is admissible in evidence.
2. But the note itself is not sufficient to warrant a recovery against the trust estate. The plaintiff must go further and establish his whole declaration, proving the existence of a trust estate, of what it consists, and the specific facts which render it liable for the debt. This he must do if there be no plea but the general issue, or even if there be no plea at all.

Trusts.      Evidence.      Before Judge WRIGHT.      Decatur Superior Court.      November Adjourned Term, 1875.

Babbitt and Touge, as administrators of S. Davis Touge, deceased, brought complaint against Gaudy, as trustee for Mary Gaudy, upon the following note:

" $90 00.                                 " BAINBRIDGE, May 8th, 1867.
" On or before the first of December next I promise to pay to the order of S. Davis Touge $90 00, for value received.

(Signed)                         " B. H. ☒ GAUDY, trustee."
                                          mark.

The declaration was, in substance, as follows: Your petitioners aver that said note was given by the said Gaudy, as trustee for Mary Gaudy, for a bill of cotton yarns for the use of said *cestui que trust* and family, and for certain cash paid by the payee to Belcher & Terrill, for goods purchased

for the use of said *cestui que trust* and family, and at the special request of such trustee, etc.; that all of the aforesaid indebtedness was credited for the special benefit of the aforesaid *cestui que trust* and her trust estate, consisting of lots of land (enumerating them) which were controlled by the said trustee, and operated by him at the time, in the production of cotton, corn, and other agricultural products, for the sole use and benefit of the said *cestui que trust* and family.

To the declaration were attached a copy of the note, and an itemized account upon which it was alleged to have been based.

The defendant pleaded the general issue and the absence of authority in him to sign the note.

No evidence was introduced beyond the note and the testimony of Touge, to the effect that the note was given for yarns bought by defendant for his wife, from the intestate; that the note was in the handwriting of the intestate; that the defendant was the trustee for his wife, Mary Gaudy.

The jury found for the plaintiffs the amount sued for, to be recovered out of lots of land (specifying those enumerated in the declaration). The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict was contrary to law and evidence.

2d. Because the court erred in charging the jury that if the plaintiffs had alleged in their declaration the consideration of the note sued on, that it was for necessaries for the trust estate, that a trust estate existed, of which defendant was the trustee, and of what it consisted, and these allegations were not denied by other pleas than were filed in this case, then they need not be supported by any proof; that the fact that they were not so denied amounted to an admission of them.

3d. Because the court erred in admitting the note sued on in evidence over the objection of defendant.

The motion was overruled and the defendant excepted.

BROWN & CRAWFORD, for plaintiff in error.

No appearance for defendants.

BLECKLEY, Judge.

1. The general rule stated in 1 Parsons on Contracts, 121, and in Story on Bills, sections 74, 75, that a trustee cannot bind the trust by executing a note, has not been relaxed in this state as to executors, administrators or guardians: 39 *Georgia Reports*, 130; *McFarlin vs. Stinson, 56th Ibid.*, 396. But in 25 *Georgia Reports*, 140, a distinction is taken, as to the ordinary trustees, which ought to be maintained. On principle, it is difficult to say why a trustee who can contract a debt at all, cannot do so by note. Why should there be a capacity to make a verbal promise and not a written one? It is, however, not necessary to search for principle when we have a decided case which is both authoritative and satisfactory. The note before us is not so explicit as that recited in the case to which we refer; but it is signed by Gaudy, with the addition of trustee to his name, and is declared upon as made in his representative character; and there is no denial of its execution, though the authority to execute it as trustee is denied. The sworn plea which presents this point is, in effect, a mere demurrer. We think the note was admissible in evidence, and so rule.

2. But it fell far short of making out the plaintiffs' case. And the parol evidence superadded was only to the effect that Gaudy was trustee for Mrs. Gaudy, and that the note was given for yarns bought by him for her. The terms of the trust were not shown, so as to disclose to the court and jury what were its scope and purpose; who, if any, besides Mrs. Gaudy, were the benficiaries, or what, if any, restrictions were imposed on the trustee's power. Neither did it appear of what the trust estate consisted, or what was its value, or whether it yielded an income, or whether encroachment upon the *corpus* would be necessary or proper. Neither did the condition in life, the circumstances or the wants of Mrs. Gaudy appear. While, under section 3377 of the Code, a claim against a trust estate may be enforced at law, the plaintiff, by his pleadings and proof, must make a case in which a

court of equity would administer the relief prayed for. To do this where supplies are furnished for the beneficiary, the plaintiff must go much further than the proof went in this case. If any plea were necessary to impose this burden, the general issue, which was in on oath, would be quite sufficient: See 54 *Georgia Reports*, 117. But to establish his equity is a part of the plaintiff's case, and he must adduce full and satisfactory evidence on every material point, even where there is no plea whatever. The court erred in charging the jury that allegations in the declaration not specially denied, need not be proved. And the evidence was insufficient to warrant the verdict.

Judgment reversed.