Hayden *vs.* Johnson, trustee.

------

JULIUS A. HAYDEN, plaintiff in error, *vs.* JOHN M. JOHNSON, trustee, defendant in error.

[JACKSON, Judge, did not preside on account of relationship to the *cestui que trust* of defendant in error.]

1. In Georgia, a failure to plead issuably does not confess the cause of action, except it be in cases specially provided for by statute.
2. Generally, in an action founded on contract where no issuable de-

fense is filed on oath, the plaintiff must prove all the material allegations of his declaration that are necessary to the judgment which he seeks to recover. If, by inadvertence, or otherwise, the court should render judgment without sufficient evidence, a new trial may be granted.

3. Where the notes declared upon, express on their face that they were given for the purchase money of a lot fronting thirty feet on Marietta street, city of Atlanta, without further description, and the declaration superadds descriptive terms, identifying the lot as the same whereon the defendant resides, it is necessary for the evidence so to identify it, also, before a special judgment can be rendered for the purchase money of this particular lot, with direction for execution to issue and be levied thereon.

4. A motion for new trial which is otherwise in time, is not too late because made after a previous motion to set aside the judgment has been denied.

Pleadings. Judgments. Practice in the Superior Court. Evidence. New trial. Before Judge HILLYER. Fulton Superior Court. April Term, 1877.

Reported in the opinion.

COLLIER & COLLIER; Z. D. HARRISON, for plaintiff in error.

HOPKINS & GLENN, for defendant.

BLECKLEY, Judge.

The declaration alleges that "John M. Johnson, trustee of his wife, Mary Johnson, is indebted," etc. Copies of the notes are annexed, and they are signed "John M. Johnson, trustee," without designating any cestui que trust. The notes disclose that they were given for the purchase money of "a lot fronting thirty feet on Marietta street, city of Atlanta," but do not specify any particular lot on that street. The declaration describes the premises thus: "a certain city lot in the city of Atlanta, fronting thirty feet on Marietta street in said city, being the lot whereon the said Johnson and the beneficiary of said trust estate now reside." The declaration proceeds to allege that the property was pur-

chased by the trustee for the benefit of the trust estate, and was beneficial to the same, and that the trust estate became, and is, liable for the payment of said indebtedness. Process was prayed against "the said defendant." There is no plea in the record. The court, reciting that no issuable defense had been filed on oath, gave judgment in favor of the plaintiff against "the defendant, John M. Johnson, trustee for his wife, Mary Johnson," for principal, interest, and costs, adding in the judgment that it was for the purchase money of the city lot, describing it as it is described in the declaration. At the same term of the court, the defendant moved to set aside the judgment for certain alleged deficiencies in the declaration, and because no evidence was introduced, except the notes declared upon. This motion was overruled; and in the order overruling it, the court gave the plaintiff leave to amend the judgment by providing that execution should be levied upon the city lot described therein, and upon that only. The judgment was amended accordingly. Afterwards, during the same term, the defendant moved for a new trial, because the judgment was rendered without sufficient evidence, and because the amount awarded for interest was in excess of the amount due. The court granted the motion on the former ground; and the correctness of that ruling is the matter now in question.

1. Default, according to the system of practice which has long prevailed in this state, is not equivalent to a confession of the plaintiff's cause of action. The defendant, while in default, may resist, passively, whatever is brought to attack him, but cannot make a counter attack. Though not allowed to return the fire, he is not obliged to run, but may stand until he is shot down. Exceptions to the general rule are made by statute, but this case is within the rule itself. 41 *Ga.*, 76; 48 *Ib.* 551.

2. The authorities just cited, show that when the plaintiff is the sole party entitled to introduce evidence, he must make out his whole case. He must establish *prima facie* his right to recover according to his declaration, 56 *Ga.*,

Hayden vs. Johnson, trustee.

640; 55 *Ib.*, 475. Whether, on matters of fact, he is before the jury or before the judge, can make no difference in his burden. He must produce enough evidence to manifest the truth of every material allegation. There is a trial to that extent, though there be no issue on the record. There must be an examination of evidence, and a determination of such facts as the declaration necessarily involves. The law, itself, by requiring evidence, puts the truth of these facts in issue, and keeps up the issue till the facts are established. If the case is proceeding without a jury, the judge performs the functions of a jury; and if he makes a wrong judgment, whether for the plaintiff or against him, he can correct his error by granting a new trial, when a new trial is duly demanded. It would be strange if the judge could apply this corrective to the errors of a jury, on matters of fact, and could not apply it to his own. The power conferred by the constitution, (Code, §5091,) to grant new trials, may, without violence to the letter, receive a construction sufficiently broad to embrace the present case. In 1 Kelly, 306, is an instance of new trial granted after judgment confessed; and in 55 *Ga.*, 475, a defendant who had not pleaded issuably, or otherwise, applied for and obtained a new trial. The whole tenor of the opinion in 41 *Ga.*, *supra*, is in favor of allowing a party in default to challenge the strength of the plaintiff's evidence, first, in the court below, and, ultimately, in this court. One of the ordinary modes of bringing the sufficiency of evidence in question, is by motion for new trial.

3. Was the evidence sufficient? In this inquiry we must consider the kind of judgment which the court finally rendered. That was a special judgment against the property described in the declaration, for the purchase money thereof. Only the notes were in evidence. It is plain that they do not identify the lot. Any lot of a certain front on Marietta street will come within the description contained in the notes. Where, then, was the evidence to apply the notes to the particular lot on which the defendant resides, or any other

Hayden *vs.* Johnson, trustee.

lot? We see none whatever. The materiality of this omission is apparent from the fact that, the judgment being special, the execution issued in pursuance of it would be an absolute protection to the sheriff in making the levy. 13 *Ga.*, 389 ; 3 Wall., 334. Moreover, if a homestead right should become involved, here is an absolute adjudication, not only that this is a debt for purchase money, but that it is for the purchase money of that particular lot. So it is alleged in the declaration, and so the judgment expressly declares. Comparing the evidence with the pleadings and judgment, there is an obvious discrepancy, and that discrepancy is exactly like the difference between the indefinite article and the definite article. Whether the action be considered as against the trust estate, or as against the trustee in his personal capacity, the difference is important. The evidence does not support the declaration, so as to warrant such a judgment as was rendered. In upholding the grant of a new trial, we need not point out more than one good reason for sustaining it. There may be others, especially if the trust and its terms are elements that ought to be considered in passing on the plaintiff's cause of action. See 56 *Ga.*, 640.

4. The motion for a new trial was made at the term when the trial was had. That is the only limitation prescribed by the Code, as to time, in ordinary cases. Section 3719. The prior motion to set aside the judgment was no bar; surely not, when that motion was disposed of before the judgment took its final form, throwing its whole weight on the specific property. 55 *Ga.*, 667. Cited for plaintiff in error, Code, §§ 3587, 3589, 3711 to 3721, 3377 to 3382, 3654 ; Graham on New Tr., 1 ; Hilliard on New Tr., 1, 82 ; 28 *Ga.*, 525 ; 23 *Ib.*, 237 ; 20 *Ib.*, 72 ; 2 Black, 458 ; 54 *Ga.*, 537 ; 52 *Ib.*, 354. For defendant, 56 *Ga.*, 138, 640 ; 41 *Ib.*, 76 ; 48 *Ib.*, 551.

Judgment affirmed.