HARDESTY et al. *v.* PRICE.

Where personal property was levied upon by a county collector of revenue, because of delinquent taxes thereon, and the owners resumed possession, giving a forthcoming bond conditioned to abide the decision of the board of county commissioners as to the legality of the assessment; *Held,* in an action of covenant on the bond, that the same was void.

*Appeal from District Court of Bent County.*

THE appellee recovered a verdict in the court below for $649.72. Motions for a new trial and in arrest were inter-

posed and overruled, and judgment rendered upon the verdict. The essential facts are stated in the opinion.

Mr. M. B. GERRY, Mr. C. S. THOMAS, and Mr. A. P. HEREFORD, for appellants.

Mr. JOHN F. BOSTWICK, and Mr. CHAS. E. GAST, for appellee.

ELBERT, J. This was an action of covenant brought by the appellee upon the following bond, which presents the facts necessary for our decision.

"Know all men by these presents that Richard J. Hardesty as principal, and Daniel R. Smith and Jacob Gross as sureties, are held and firmly bound unto M. B. Price, treasurer of Bent county, Colorado, in the penal sum of fifteen hundred dollars, lawful money of the United States, for the payment of which sum we do hereby jointly and severally bind ourselves, our heirs, executors and administrators firmly by these presents. Witness our hands and seals, this, the seventeenth day of June, A. D. 1875.

The conditions of the above obligation are such that whereas a certain assessment is delinquent in said Bent county, the same being assessed on the goods, chattels and property of Hardesty brothers, as appears by the tax list of A. D. 1872:

The amount due as tax of A. D. 1872 . . . . . . . . . . . . . $458 92
Penalty as provided by law . . . . . . . . . . . . . . . . . . . . . 279 26
Costs of collection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 200 00

for which several above-named sums, the said M. B. Price, as treasurer aforesaid, did seize and levy upon, on the 8th day of June, A. D. 1875, in the county of Bent aforesaid, the goods, chattels and property of said Hardesty brothers, the following stock, viz.: two yearlings, one two-year-old and thirty three and four year old steers with these brands ⌢ on the left side, of the value of six hundred dollars, and whereas the said Richard J. Hardesty is desirous of re-

taining the said property in his possession until the meeting of the board of county commissioners of Bent county aforesaid, on the 1st Monday of July, A. D. 1875, at Las Animas, the county seat of said county of Bent, at which time said board, after hearing all the evidence in the cause, will determine whether there has been an unlawful assessment against the said firm of Hardesty Brothers.

Now, therefore, if the said Richard J. Hardesty shall have, or cause to have said property to be forthcoming and delivered to said M. B. Price, treasurer aforesaid, on the 8th day of July, 1875, at the county seat aforesaid, or the above bounden Richard J. Hardesty, his heirs, executors and administrators, shall well and truly submit to the decision of said board, faithfully abiding by the judgment had in the determination of the case, doing without hindrance the award of said board in all things, in good faith, then this obligation to be void; otherwise to remain in full force and effect.

RICHARD J. HARDESTY, [L. S.]
DANIEL R. SMITH, [L. S.]
JACOB GROSS. [L. S.]

Signed, sealed and delivered in presence of

D. P. WILSON."

The recitals of the bond sufficiently show the circumstances under which, and the purpose for which, the bond was executed and delivered.

The question is presented, is this a valid bond? There is no claim that it is a statutory bond. It is admitted that the county commissioners had no power to arbitrate the matter submitted to them, and that this, the second condition of the bond, is void. It is insisted, however, that it is good at common law, as a voluntary obligation for the delivery of the cattle.

As a general rule, any obligation entered into voluntarily, and for a good consideration, is valid at common law unless it contravenes the policy of the law, or is repugnant to

some provision of the statute. *Pritchell* v. *The People*, 1 Gill, 530; *United States* v. *Linn*, 15 Pet. 290; *Morse* v. *Hudson*, 5 Mass. 315; *Thomas* v. *White*, 12 id. 368; *Thompson* v. *Buchanan*, 2 J. J. Marsh. 416.

The release of the cattle from the distraint was a sufficient consideration moving to the appellants, and having received the benefits of the contract, they cannot be heard to question the authority of the county collector to make it, unless there is involved in the transaction such an injury to public interests as will render it void.

By sec. 12, art. 6, chapter 21, R. S. 184, the county treasurer is made ex-officio collector of taxes. Turning to the act of Feb. 11th, A. D. 1870, concerning revenue, Session Laws, 103, we find his powers and duties prescribed respecting the collection of delinquent taxes: Sec. 54 provides that if any person shall neglect, or fail to pay his tax, until after the 30th day of December following the levy of the same, the treasurer may make the same by distress and sale of his personal property. Sec. 55 provides that in case of distraint the treasurer shall give notice of the time of the sale, within five days after the day of the taking, and that the time of the sale shall not be more than ten days from the day of the taking, and otherwise fully prescribes his duties in such a case.

In the case of personal property omitted from the tax list, sec. 122 provides that the treasurer may assess.

Sec. 124, that the person so assessed by the treasurer may appeal to the county commissioners, if he considers the assessment erroneous, and expressly provides that "no such appeal shall operate to release property seized for taxes," unless the commissioners shall decide that no taxes were due from the person so assessed.

Where the property appears upon the tax list, as assessed by the assessor, no contingency of appeal or release was contemplated, as there the statute provides for the correction of erroneous assessments, prior to the delivery of the tax lists to the treasurer. Nowhere is there to be found

any power, or authority, on the part of the treasurer to release property seized for delinquent taxes. Having made the distraint, it was the duty of the treasurer to proceed to make the taxes by sale, under the provisions of the act.

As it appeared on his lists, it was not for him to inquire into the legality of the tax, or entertain any question respecting it. Sec. 49 of the act made the "list and warrant," his authority and justification against any illegality in the proceedings prior to receiving the list," and section 118 made his willful neglect, or refusal to perform any of the duties imposed by the act, a misdemeanor, punishable by fine and imprisonment.

Voluntary bonds in furtherance of a statute may be sustained as good at common law. *United States* v. *Linn*, 15 Peters, 290. But this transaction instead of being in furtherance of the statute cannot be regarded otherwise than in contravention of its object and purposes, admitting that its object was the ultimate collection of the tax, its effect is to postpone and delay, and perhaps defeat, to this extent, the revenue of both county and State.

Nearly three years have elapsed since the distraint was made ; the county is involved in expensive litigation ; the tax remains uncollected, and, for aught we know, should the judgment be affirmed, uncollectible.

If permissible in this case to this collector, it is permissible in all like cases to all collectors.

In practice, the tendency would be to involve the revenue in doubtful and expensive litigation, and open the door to the grossest frauds.

The consideration of the defendant's undertaking was the plaintiff's neglect and omission to perform his statutory duty.

The release of the property seized, and its delivery to the tax payer, was in contravention and defeat of the object and purposes of the revenue act and fraught with mischief to the public service. The bond is therefore void. *Packard* v. *Tisdale*, 50 Me. 376.

And the same principle is involved in the cases: *Hodson* v. *Wilkins*, 7 Greenleaf, 113; *Denny* v. *Lincoln*, 5 Mass. 385; *Moore* v. *Allen*, 3 J. J. Marsh. 613.

As the defect was fundamental and appeared upon the face of the record, the objection was well taken by motion in arrest of judgment.

The appellants, in the court below, were permitted to file amended pleas, upon the condition agreed to by them in open court, and entered of record, "that they would pay all costs, which had accrued and which would thereafter accrue, without reference to the determination of any issue which had been, or thereafter might be joined therein, on the final judgment upon the merits of the controversy."

The appellee, therefore, will recover his costs both in this court and the court below.

The judgment of the court below is reversed, and the case remanded with directions that it be dismissed.

*Reversed.*

The chief justice, having been of counsel, did not sit in this cause.