### HAZZARD *vs.* MAYOR, ETC., OF SAVANNAH.

CASE, FROM CITY COURT OF SAVANNAH. Verdict. New Trial. (Before Judge
Harden.)

Jackson, C. J.—On the first trial of this case a verdict was found for
$3,000 ; a new trial was granted, and this grant was affirmed, this court
remarking that the case for the plaintiff was a weak one. On the sec-
ond trial, the jury found for the plaintiff $3,700; another new trial was
granted, and again the judgment affirmed, this court saying that a mod-
erate verdict might be allowed to stand, but inasmuch as the amount
of the first verdict had been increased in the second, the grant of the
new trial would be sustained. On a third trial, the jury found for the
plaintiff $1,400. The court again granted a new trial, and announced
that he would do so continuously and indefinitely, because, in his judg-
ment on the facts, there could be no recovery:

Held, that this was error, there being evidence on which the ver-
dict could be based, and this being the third finding for the plaintiff.

Judgment reversed.

Richards & Heyward ; J. J. Abrams, for plaintiff in error.

H. C. Cunningham, for defendants.

---

### CRUSSELLE *vs.* CHASTAIN.

CERTIORARI FROM FULTON. Husband and Wife. Pleadings. Trusts and Trustees.
Words and Phrases. Debtor and Creditor. (Before Judge Clarke.)

Jackson, C. J.—Where suit was brought in a Justice's Court against
a married woman, and the only cause of action set out was by attach-
ing to the summons three promissory notes, one of which was signed
by her husband, and the other two signed by him with the addition of
the word " trustee" to his name, but in neither of which her name ap-
peared, there could be no recovery against the defendant, and on certio-
rari there was no error in rendering final judgment to that effect. Code,
§4067.

(a) The addition of the word "trustee" after the name of the
signer of a note, without more, is mere *descriptio personæ*, and the debt
is that of the maker individually. 3 Ga., 283 ; 51 Id., 482.

(b) The trust estate of the wife, if she had any, could not be
reached by such pleading. 56 Ga., 138, 640.

Judgment affirmed.

Frank A. Arnold, for plaintiff in error.

Broyles & Johnston, for defendant.