## SANNER vs. SAYNE.

78 467
92 816

78 467
f112 636

78 467
d119 898

78 467
122 414

1. Where suit was brought on two unconditional promissory notes, one of which had matured, by its terms, before the commencement of the action, and the other had not, the presiding judge was authorized, without the intervention of a jury, to render judgment in favor of the plaintiff on the note which was due, but not on that which had not matured; and although the declaration alleged that the notes were given for the purchase money of a tract of land sold by the plaintiff to the defendant, that the former gave to the latter a bond for titles which was in the defendant's possession, and in which it was stipulated that, upon the failure of the defendant to pay the first note when due, the other also should be considered due and collectible, and that the defendant failed to pay the first note at maturity, whereby the second also had fallen due; and although no issuable plea was filed; a judgment by the court without a jury, for the amount of both the notes, was illegal.

2. The defects alleged to exist in such judgment appear on the face of the record and pleadings, and a motion in arrest of judgment was the proper remedy to correct these defects.

3. Generally a judgment is entire and indivisible, and being in this case for the full amount of both notes, it could not be arrested or set aside in part, and held valid in part, on motion of the defendant; but as to the note not due, it might be corrected by a mo-

Sanner *vs.* Sayne.

tion on the part of the plaintiff to amend so as to let it stand for the amount of the matured note. In the absence of such a motion, the judgment should have been set aside.

BLECKLEY, C. J., concurring.

March 22, 1887.

Promissory Notes. Practice in Superior Court. Judgments. Amendment. Before Judge RICHARD H. CLARK. DeKalb Superior Court. September Term, 1886.

Reported in the decision.

R. J. JORDAN, for plaintiff in error.

CANDLER, THOMSON & CANDLER, for defendant.

HALL, Justice.

This suit was commenced on the 22nd of February, 1886, and was brought to recover the amount of two promissory notes for $187.16 each, both dated September 22nd, 1885, the one due on the 22nd of December next thereafter, and the other on the 22nd of March then next. The declaration alleged that the notes were given for the purchase money of a tract of land, the title to which was in the plaintiff, who gave the defendant a bond to make titles, which bond the defendant had in his possession, and in which it was stipulated that, upon failure of the defendant to pay the first note when due, the other should also be considered due and collectible; that the defendant failed to pay the first mentioned of said notes at maturity; and that the other, by reason of his default, had also fallen due. No issuable plea was filed to the suit, and the presiding judge, without the intervention of a jury, gave judgment for the amount of both notes. At the term of the court at which this judgment was rendered, the defendant moved to arrest the judgment, because the note falling due on the 22nd of March, 1886, had not matured at the commencement of the suit, and there was no right of action existing thereon

at the time it was sued; and if there was any outside contract by which said last mentioned note was to be deemed due on certain conditions, that *aliunde* proof was necessary; and that the judge had no jurisdiction or authority to render the judgment without the intervention of a jury. The hearing of the motion was adjourned to a day named in vacation, and at that time it was overruled; and to this decision the defendant excepted.

1. We are satisfied that each of these notes was an unconditional contract in writing, one of which was due and the other not at the commencement of the suit, and the judge was authorized, without the intervention of a jury, to render judgment in favor of the plaintiff on the note which was due, but not on that to fall due after the suit was instituted. The failure to plead is not equivalent to a confession of the plaintiff's cause of action.

"The defendant, while in default, may resist passively whatever is brought to attack him, but cannot make a counter-attack. Though not allowed to return the fire, he is not obliged to run, but may stand until he is shot down. Exceptions to the general rule are made by statute, but this case is within the rule itself." *Hayden vs. Johnson, trustee,* 59 *Ga.* 106 (citing 41 *Ga.* 76; 48 *Id.* 551).

Under the state of the pleadings, the plaintiff was the sole party entitled to introduce evidence; and it was incumbent upon him to make out his whole case, and to establish *prima facie* his right to recover according to his declaration. "Whether, on matters of fact, he is before the jury or before the judge, can make no difference in his burden. He must produce enough evidence to manifest the truth of every material allegation. There is a trial to that extent, though there be no issue on the record. There must be an examination of evidence, and a determination of such facts as the declaration necessarily involves. The law itself, by requiring evidence, puts the truth of these facts in issue, and keeps up the issue until the facts are established." *Id.* 106–7.

2. The defects alleged to exist in this judgment appear on the face of the record and pleadings, and motion in arrest was the proper remedy to correct these defects. Code, §§3587-8.

3. It is generally true that the judgment is entire and indivisible. It is in this case for the full amount of both notes, as well that which was due at the commencement of the suit as that to become due thereafter, and is founded, as it alleges, and as we have shown, upon an unconditional contract in writing. We know of no practice or principle which could authorize it to be arrested or set aside in part and held valid in part, but we think, as to the note not due, it may be corrected in this respect by a motion on the part of the plaintiff to amend so as to let it stand for the amount of the matured note. According to the decision in *Hayden vs. Johnson ut sup.*, on the defendant's motion and without a motion by the plaintiff to amend, it ought to have been set aside.

Judgment reversed.

BLECKLEY, Chief Justice, concurring.

It will be perceived that this judgment is not amendable as to the unmatured note. There is no possible amendment that could be made which would cure the defect in that part of the judgment; so, to that extent, the arrest was undoubtedly proper. Code, §3587. The plaintiff had his election between submitting to the arrest and moving to amend by reducing the recovery to the amount of the first note. He might prefer, and doubtless did prefer, that the judgment as a whole, rather than a part of it, should be set aside, so that ultimately the action should not fail as to either note; for he evidently, from his pleadings, has it in his power to prove to a jury that the second note was mature as well as the first. There is every probability that he would prefer that the whole judgment should be set aside to having it divided. At all events, he had no right

to have the judgment stand as a whole, and that is the supposed right ror which he contended below and now contends here.