CROW *v.* THE AMERICAN MORTGAGE COMPANY.

While the correct practice would be to take a verdict, rather than a judgment without a jury, in an action founded upon a promissory note conditional only as to the time of maturity, the action being brought on account of an alleged breach of the condition and before the time fixed for maturity irrespective of the condition, yet a judgment rendered without a jury was merely erroneous. It was not void, and a motion made to set it aside, two years after it was rendered, was properly denied. The court had jurisdiction of the case, and the error was merely in the mode of exercising that jurisdiction in a somewhat doubtful instance.
February 26, 1894.

Motion to set aside judgment. Before Judge GOBER. Forsyth superior court. February term, 1893.

H. H. DEAN and H. H. PERRY, for movant.
W. E. SIMMONS and G. L. BELL, *contra*.

LUMPKIN, Justice.

Crow made and delivered to one Sherwood a promissory note, which was afterwards indorsed and transferred by him to the American Mortgage Company of Scotland, Limited. The principal was to become due on the 1st day of December, 1889; the interest was to be paid annually; and the note contained a stipulation that, upon a failure to pay any installment of interest within thirty days after it became due, the principal might, at the option of the holder of the note, be declared due without notice and collected at once, time being of the essence of the contract. Crow defaulted in paying the interest due on 1st of December, 1888, and the mortgage company brought an action on the note on the 31st of July, 1889. On the 17th of February, 1890, the judge, without a jury, rendered judgment in favor of the plaintiff for the full amount of principal and interest, the judgment reciting that there was no issuable defence filed on oath. Afterwards, on the 16th of February, 1892, the defendant moved to set the judgment aside on several grounds, the only one of which requiring notice was, that the judgment was entered and signed by the judge upon a conditional contract, which was the foundation of the action, without the intervention of a jury. The court overruled the motion, which is the error complained of.

In our opinion, the court did right. The note was conditional only as to the time of maturity; and the action was brought before December 1st, 1889, on account of the breach of a condition in the note by reason of which it became due before the time fixed for its maturity irrespective of that condition. According to the principle of the rulings of this court in *Sanner* v. *Sayne,* 78 *Ga.* 467, and *Dye* v. *Garrett & Latimer, Id.* 471, the correct practice would have been to take a verdict rather than to enter judgment without a jury. In those cases it was alleged, and also appeared, that the notes sued

upon before the times appointed on their faces for their payment were rendered due in advance of such times by reason of stipulations in certain bonds for titles. In each case the judgment rendered was attacked by a motion in arrest before the end of the term, such motion being, under the circumstances, equivalent, in effect, to a motion to set aside.

Therefore, in the present case, even if the attention of the court, before rendering the judgment, was called to the two cases above cited, there was still some room for doubt as to what was the proper mode of proceeding. The facts were not precisely the same, because in those cases the instruments by the terms of which the notes were, úpon certain conditions, to become due in advance of the times fixed by their own terms, for their payment, were separate and distinct papers from the notes themselves; while in the present case, the note showed upon its face the condition by the breach of which the time of its maturity would be advanced. At any rate, it was, at least to some extent, doubtful what course should be pursued, and rendering judgment without a jury was, according to the ruling of this court in *Georgia Railroad & Banking Company* v. *Pendleton et al.*, 87 *Ga.* 751, merely erroneous. In that case it was held that, "in any case admitting of doubt, the question of rendering a judgment by the superior court without a jury is .one not involving jurisdiction, but the proper exercise of jurisdiction, and an improper decision of it is mere error and will not render the judgment void." We think the case before us certainly involved sufficient doubt to make the above ruling applicable. The error committed might have been corrected by a proper motion made during the term, and in the event of the overruling of such motion, by a direct bill of exceptions to this court; but it was too late, after the term at which this judgment

v 92-52

was rendered, to attack it by a motion of any kind, based on the ground stated.. *Judgment affirmed.*