[No. 1201.]

## Floyd v. Colorado Fuel & Iron Co.

1. Practice—Judgment non Obstante Veredicto.

A motion for judgment *non obstante veredicto* may not be made by a defendant nor can he obtain relief of analogous character otherwise than by motion in arrest of judgment.

2. Same.

The motion in question does not attack the sufficiency of the complaint and cannot be considered as a motion in arrest of judgment. The motion in arrest reaches only those defects which are apparent on the face of the record and are not cured by failure to demur, and the evidence is no part of the record for such motion.

3. Practice—New Trial.

In a suit for damages for personal injuries, if the court refuses to non-suit the plaintiff or to direct a verdict for the defendant, the case must go to the jury and the issues be determined by them. If their conclusions are unsatisfactory, or the court deems them unsupported by the evidence, it has full power to set the verdict aside and grant a new trial, but the issues must be submitted to another jury. There is no way known to the practice by which the defects or deficiencies in the case made by the proof can be reached, except by motion for new trial.

4. Same—Judgment on Verdict.

The appellate court has no authority to enter judgments on verdicts, and even though the lower court may have entered an erroneous judgment, the error can be corrected only after it has been reversed and sent back for further proceedings. The trial court was evidently of opinion that plaintiff was not entitled to recover and therefore granted defendant's motion for judgment *non obstante*, and this is not a case in which the appellate court should direct the lower court to enter judgment on the verdict even if it has such power.

*Error to the District Court of Pueblo County.*

Mr. Chas. E. Gast and Mr. H. A. Dubbs, for plaintiff in error.

Mr. John M. Waldron and Mr. D. C. Beaman, for defendant in error.

BISSELL, J., delivered the opinion of the court.

George Floyd was employed in the converting mill of the Colorado Fuel & Iron Company, and was a foreman in charge of one of its cupolas. He had under him three men. Their duties were to attend to the cupolas, withdraw the molten iron and distribute and care for the slag or refuse which rose to the surface of the iron after it was melted. This slag or refuse was drawn off through what is termed a cinder notch or tap hole in the cupola and through a runner. These runners are half circular troughs of iron, about eight feet long and weigh in the neighborhood of seven or eight hundred pounds. They are fastened on to the cupola by a collar. The runners last for a considerable time unless the molten iron rises too high and flows into them. This will eat them out and necessitate their replacement. This was the condition of one of the runners in charge of Floyd in June, 1893. It was observed by Crow, the superintendent of the converting mill. Douglas was a machinist in charge of repairs and was sent by Crow to put in a new runner. When he came up with some helpers, he called on Floyd and his men to assist him in the work. While doing it Floyd was injured. The runner slipped, fell on his foot, mashed it, and he was disabled for a long time to do his usual work or any other which compelled him to be on his feet. There is very considerable dispute between Floyd and Crow respecting the terms of the order and the obligations and duties of the parties, but according to the view which we take of the present record and of the judgment which was entered, we are not concerned with these details or with the discrepancies in the testimony of the witnesses. Floyd brought this suit against the company to recover damages. The case went to trial and resulted in a verdict in his favor for $1,250. The defendant company moved for a nonsuit at the conclusion of the plaintiff's case, and a direction to the jury to find a verdict for the defendant when the testimony was closed. Both motions were denied. Afterwards the com-

pany filed a motion for a new trial and a motion for judg-
ment *non obstante veredicto*. This term is used because it was
so denominated by the mover, and in terms was an applica-
tion for judgment dismissing the action notwithstanding the
verdict of the jury, although the grounds of it remove it
entirely from that class of motions. It was wholly based on
considerations foreign to such applications, and its eight
several grounds as specifically stated, were rested on parts
and portions of the testimony, and on it as a whole the de-
fendant attempted to maintain the right to a judgment in its
favor notwithstanding the verdict because from the evidence
sundry and divers facts appeared which would bar a recov-
ery. It was granted and the court entered judgment for the
defendant. This judgment and order of the court is the
only error assigned and therefore the only one which will be
considered.

In support of the assignment, the plaintiff insists that a
judgment *non obstante veredicto* may not be entered on the
motion of the defendant. Many cases are cited to this prop-
osition and they uniformly support it. It is urged to the
contrary that the rules, proceedings, and practice which pre-
vailed at the common law are inapplicable under the code,
which can alone be looked to, to ascertain whether the defend-
ant may make such a motion and obtain the relief which was
formerly granted in like cases wherein application was made
by one entitled to present it. We do not regard the question
as an open one. We discover in a case which was not called
to our attention that this question has been set at rest by an
authoritative decision of the supreme court rendered since
the code went into effect, and the practice is settled by that
case. *Quimby v. Boyd et al.*, 8 Colo. 194.

Therein the court holds that this motion may not be made
by the defendant, nor can he obtain relief of an analogous
character otherwise than by one in arrest of judgment. Since
this is true, it must be conceded that the result sought could
not be secured by this procedure. The liberality which per-
vades the code practice, and the purpose and intent of the

legislature to require the courts to disregard errors of an unsubstantial character and to affirm judgments which do not affect the substantial rights of the parties, compel us to consider another question which may be regarded as collateral to the first. This is whether the motion can be considered as one in arrest of judgment. But this reaches only those defects which are apparent on the face of the record and which are not cured by a verdict or saved by a failure to demur, and which do not require the consideration of matters not apparent in the record proper, nor dependent on testimony for their solution. We have been able to find no exceptions to this rule. 1 Black on Judgments, § 98. *Commonwealth v. Watts*, 4 Leigh. 672; *Sanner v. Sayne*, 78 Ga. 467; *Brown v. Lee*, 21 Ga. 159; *Balliett v. Humphreys*, 78 Ind. 389; *Sedgwick v. Dawkins*, 18 Fla. 335; *Hardesty v. Price*, 3 Colo. 556.

The evidence is no part of the record for the purposes of such a motion. For this reason no argument to support it can be predicated on the theory that the evidence is insufficient to warrant the recovery. *Bond et al. v. Dustin*, 112 U. S. 604.

The motion does not attack the sufficiency of the complaint as a statement of a cause of action nor is there any other defect in the record pointed out or adverted to in the argument by which the judgment of the court below can be sustained, or which could in any event be deemed sufficient to support a motion in arrest of judgment. Since the motion is neither one *non obstante veredicto* nor in arrest, and can be supported on neither hypothesis, there is no way known to the practice by which the defects or deficiencies in the case made by the proof can be reached, except by a motion for a new trial. The code distinctly provides that wherever the evidence is insufficient to support the verdict, the court shall have full power to set it aside and grant a new trial. It is an easy and a swift remedy, available to the parties and within the power of the court. That which was made and the judgment which was entered does not ac-

cord with the practice which must prevail in such cases. Under our system this was an action for the recovery of damages, and as such, was triable only by jury. If the court refuses to nonsuit the plaintiff or to direct a verdict for the defendant, the case must go to the jury and the issues be determined by them. If their conclusions are unsatisfactory, or the court deems them unsupported by the evidence, it has full power to set the verdict aside, but only one course can be pursued. The issues must be resubmitted to another jury. It is the right of the plaintiff as well as of the defendant to have questions of fact settled in the mode provided by law. We know of no way save by the consent of parties whereby a suit to recover damages can be otherwise tried.

These considerations wholly dispose of the other matters which have been pressed on our attention. The case has been very extensively discussed and exhaustive and able arguments made on the evidence to demonstrate on the one hand, that there was a cause of action made out by the testimony, and on the other, that the plaintiff wholly failed to make a case. The various principles which have been settled by the latest adjudications which must be applied to the ascertainment of the duties of the employer and the obligations and rights of the employé have been pressed on our attention, and we have been urged to determine from the case as made, whether the plaintiff could recover, or the defendant was entitled to a judgment. This we must decline because we do not regard the matter as legitimately before us.

The plaintiff in error insists, that having obtained a verdict, he is entitled to a judgment thereon, which he requests this court to enter. We are unable to discover any authority for such procedure in an appellate court. We are without authority to enter judgments on verdicts, and even though the lower court may have entered an erroneous one, the error can only be corrected after it has been reversed and sent back for further proceedings. We do not intimate

that the lower court would have authority to enter judgment on this verdict because this question is wholly foreign to the error assigned in the record.

The court erred in entering the judgment, and it will therefore be reversed.

*Reversed.*

### ON REHEARING.

The principal opinion is vigorously assailed by both parties to the writ; by the defendant in error because it is claimed to be fundamentally erroneous, and by the plaintiff in error because it stops short of a decision that he made out a good case by his proof and was therefore entitled to a judgment on his verdict and of right ought to have a direction to the trial court to enter one thereon in his favor. We shall adhere to our conclusion that the record presents but a single proposition and that we are not obligated to consider or decide any other. To our observation it is never true that where there are two bases on which a decision can be predicated a court is bound to establish both or either to the exclusion of the other. The right of selection is inherent and when the court concludes the one to be correct and it commends itself to the court's judgment, we do not believe the profession can complain that the other has not been taken, though in their judgment and in the particular case the latter might be either more useful or more advantageous.

The one error laid was that the court ought not to have entered judgment *non obstante* for the defendant after the jury had rendered a verdict for the plaintiff. We think this is right. We regard the question as settled by the *Quimby* case. The case is criticised and its force as an authority questioned on the ground that the point was unnecessary to the decision. This we cannot concede because there is nothing in the opinion to indicate it. The question was directly presented by the substance of the motion which the court discussed; it was treated as involved and was specifically

passed on. That there were other matters on which the court might have rested its decision in no way affects the binding force of its declaration on this.

The defendant in error has favored us with an able and strong argument to the contrary, based on the general theory that one of the principal purposes of the code practice is to render it possible for the courts to disregard all technical distinctions and on the broad and liberal lines of equity procedure do whatever may be necessary to effectuate the right and accomplish exact justice in the matter before them. They argue with much force that since the judge concluded he ought to have nonsuited the plaintiff he had the right after verdict to enter judgment for the company because in the view he then took of the case made, the plaintiff had failed in his proof. The fundamental difficulty with the argument is that though we concede the code has endeavored to abolish many of the forms and technical rules and distinctions of the common law, it has yet established forms and procedure of its own. There was an attempt and as we believe a successful one, to prescribe an orderly and definite plan for the institution, prosecution and trial of suits. Perhaps not definite and precise as to all steps and fitted to every emergency. Where there is no provision we grant the trial court large and liberal powers which may be generously exercised. But when the code has prescribed a practice which is plainly and properly applicable in a given situation we think it must be followed and that no other course can be taken. On the incoming of a verdict the defeated party may move for a new trial. This may be granted or denied. If denied judgment is entered. If granted the verdict is set aside and a new trial is a matter of course and of right. The court cannot deny the right to either party to resubmit the case to another jury, subject of course to the power of the court on the conclusion of the plaintiff's case to render a judgment of nonsuit. Such a judgment would of course be subject to review and in a proper case the plaintiff might obtain the opinion of the appellate court as to the sufficiency of his evidence.

We cannot accede to the request preferred by the plaintiff in error to direct the court below to enter judgment on the verdict. Our attention has been called to several cases of an exceptional character where under peculiar circumstances that has been done. We do not feel called on to review, distinguish or comment on them. As we look at it, this is not a case where the court should exercise the power if it has it. The trial court was evidently of the opinion that the plaintiff was not entitled to recover and he therefore granted the defendant's motion for judgment *non obstante.* As we understand it this practice was not seriously questioned though the consent does not so appear as to conclude the plaintiff in error. Should we now reverse the judgment and direct one to be entered on the verdict, the defendants would not have the right to have the cause resubmitted to a jury, obtain an express opinion of the court below as to the regularity of the trial or the sufficiency of the proof to support the verdict or the right to have the case in this situation reviewed on appeal. All these rights and privileges are given them by the code and we are not clear that in any case we should have the power to deprive them of any one of them. It is quite probable that if we should so modify our judgment we would receive an even more vigorous petition for rehearing. Doubtless the company would be glad to get our opinion that the plaintiff failed to make out a case and Floyd would be the gainer if our opinion was the other way. Either expression would prejudice one party to the suit and impose a burden on the trial judge with which we do not feel at liberty to load him.

It is our conclusion that the proper judgment is one of simple reversal and when the cause again reaches the trial court the judge presiding can either enter judgment on the verdict or set it aside and grant a new trial as he may be advised.