RODGERS *v.* CALDWELL.

Argued January 8,—Decided January 25, 1901.

———————

RODGERS *v.* CALDWELL.

112b 635
113 1141
112 635
Case 2
f114 934

A promissory note by its terms maturing at a date subsequent to the institution of an action upon it and others of a series, and containing a stipulation that if the others are not paid at maturity such note shall at once become due, is not an unconditional contract, and no judgment can be lawfully rendered thereon by the court without the intervention of a jury.

Argued January 8,—Decided January 25, 1901.

Motion to arrest judgment.　Before Judge Reid.　City court of Atlanta.　June 30, 1900.

*Robert L. Rodgers,* for plaintiff in error.
*Culberson & Willingham,* contra.

LITTLE, J.　Lucy Caldwell instituted an action against A. R. Rodgers, in the city court of Atlanta to the May term, 1900, seeking to recover a judgment on five promissory notes.　The pleas interposed by the defendant were stricken, and the court rendered a judgment for the principal and interest appearing to be due on the notes, without the intervention of a jury, which fact appears upon the face of the judgment.　During the term at which it was rendered, the defendant made a motion to arrest the judgment, on several grounds, none of which appear to have any merit except that which alleges that the notes sued on were not unconditional

contracts in writing. Of course, if they were not, the trial judge had no jurisdiction of himself to render the judgment, but the case should have been submitted to a jury, with necessary proof on the part of the plaintiff to establish the right of recovery. An examination of the record shows that the suit was instituted on the 17th day of April, 1900, and that all of the notes which formed the basis of the action were, by their tenor,. due before that date, except one for the principal sum of five hundred dollars, which by its terms became due on November 10, 1900. In each of said notes, including the last specifically referred to, this provision is made: "This note is one of a series of      ; and should default be made in the prompt payment at maturity, then all of said series of notes shall become immediately due, time being the essence of the contract for which it is given." The petition, after describing the notes sued on, and referring to the clause just quoted, alleges "that default has been made in the payment of several of said notes." The judge, construing the notes as unconditional contracts in writing, gave judgment accordingly. In so ruling we think he committed error. Certainly, an examination of the five hundred dollar note discloses the fact that it was not, at the time judgment was rendered, due by its tenor; and, giving to the clause recited above the legal effect claimed for it by the defendant in error, its maturity before the institution of the suit depended upon whether default had been made in the payment of any of the prior notes of the series. Consequently, its maturity depended upon a condition — that of default in the payment of one or more of the prior notes. It is true that the petition declared that such default had been made, but that allegation could not be taken as proof. It was ruled in the case of *Sanner* v. *Sayne*, 78 *Ga.* 467, that where suit was brought on two unconditional promissory notes, one of which had matured, by its terms, before the commencement of the action, and the other had not, the presiding judge was authorized to render judgment in favor of the plaintiff on the note which was due, but not on that which had not matured; and although the declaration alleged that the notes were given for the purchase-money of land sold by the plaintiff to the defendant, and the former had given to the latter a bond for titles in which it was stipulated that upon failure of the defendant to pay the first note when due the other should also be considered due, and that the defendant had failed to

pay the first note at maturity, whereby the second had also fallen due, and although no issuable plea was filed, a judgment by the court without a jury for the amount of both notes was illegal. It was further ruled in that case, that, as the defects alleged to exist in the judgment appeared on the face of the record and pleadings, a motion in arrest of judgment was the proper remedy to correct these defects. And in the case of *Dye* v. *Garrett & Latimer*, 78 *Ga.* 471, where a suit was brought on three promissory notes, one of which appeared on its face to be due and the others not due, and the declaration alleged that they were all due by virtue of a covenant in a certain bond for titles, which was set out and annexed, to the effect that if the first note was not paid at maturity the others also should become due, this court ruled that, construing the bond and notes together as one entire contract in writing, it was not an unconditional contract on which the court could render a judgment for the full amount of the notes, without a jury. In the opinion rendered in the last case, Blandford, Justice, said: "An unconditional contract is a contract that has no condition in it. It is manifest, from the constitution of the State, that it is such a contract as that the court, by looking at the paper itself, may determine that judgment should be rendered for the plaintiff in the case." See also *Everett* v. *Westmoreland*, 92 *Ga.* 670.

It is true that in the case of *Crow* v. *American Mortgage Co.*, 92 *Ga.* 815, it was ruled that a judgment rendered under conditions similar to those which here exist was merely erroneous, and that a motion made to set it aside two years after it was rendered was properly denied. Evidently the ruling there made was placed on the date of the motion to set aside, because Mr. Justice Lumpkin in the opinion said: "The error committed might have been corrected by a proper motion made during the term, and in the event of the overruling of such motion, by a direct bill of exceptions to this court; but it was too late, after the term at which this judgment was rendered, to attack it by a motion of any kind, based on the ground stated." Had the note for five hundred dollars matured prior to the institution of the suit, it would have been an unconditional contract in writing; but it had not, and construing the contract as it is claimed it should be construed, that is, it should mature on failure to pay any prior note at maturity, a recovery could only have been had on it by proof that such a default had been

made. But that fact could not be determined by the judge — only by a jury. The court having erred in rendering judgment for an amount which included the note for five hundred dollars, and this defect appearing on the face of the record and pleadings, the judgment should have been arrested.

*Judgment reversed. All the Justices concurring.*