AIKEN *v.* WHITE *et al.*

HEAD, Justice. 1. Trust estates may be created for the benefit of minors. Code, § 108-114. A claim against a trust estate for services or for articles or money furnished to the trust estate may be enforced in either a court of law or a court of equity. §§ 108-501, 108-506. But in order to subject a trust estate to an obligation, the specific facts which render it liable for the debt claimed must be alleged and established by evidence. *Gaudy* v. *Babbitt*, 56 *Ga.* 640. In the present case, the petitioner alleged that the money loaned by her was used by White for the purchase of the Thomas Street property, included in the deed of trust. This allegation was denied by both defendants, and there was no evidence that any part of the proceeds of such loan went into the purchase of the Thomas street property. Accordingly, the petitioner was not entitled to a special lien against the trust property upon the theory that money advanced by her had been used in the purchase of such property.

2. The amended motion for new trial contains six grounds, each attacking an extract from the charge of the court. The charge fairly and impartially submitted to the jury the issues made by the pleadings and evidence, and, when considered as a whole, was free of error. The jury by their verdict have determined that the petitioner was not entitled to assert a lien having priority over the deed of trust, and this finding by the jury is not without evidence to support it. The court did not err in overruling the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

No. 17633. SUBMITTED OCTOBER 9, 1951—DECIDED NOVEMBER 13, 1951—REHEARING DENIED NOVEMBER 28, DECEMBER 14, 1951.

*Edwin Fortson* and *W. T. Ray,* for plaintiff.
*Rupert A. Brown,* for defendants.