## ISAAC COLEMAN *vs.* HON. JAMES H. JOHNSON.

1. If the evidence is material to an understanding of the errors complained of, the Judge should not certify a bill of exceptions which contains no version of the evidence. (R.)
2. If the Judge refuses to certify a bill of exceptions, he should *then* be asked to endorse upon it his reasons for refusal, and if he will not, the matter should be *then* brought to the notice of this Court. The complaint cannot be made after thirty days from said refusal have elapsed. (R.)

Mandamus. Bill of exceptions. Muscogee county. May Term, 1870.

This was *mandamus nisi,* calling upon Judge Johnson to show cause why he did not certify a bill of exceptions in Isaac Coleman *vs.* Ransom & Company, or endorse thereon his reasons for not doing so.

He answered that the case of Isaac Coleman, and Hannah Coleman *vs.* Ransom & Company, and the cross bill of Ransom & Company were heard before him in May Term, 1870, and much oral and written evidence was introduced; that he held that there was no equity in Hannah Coleman's bill. She excepted, and "after the trial presented her bill of exceptions, which was duly signed and certified" by him; that "after the verdict, Isaac Coleman made a motion for a new trial on several grounds, of facts recited therein erroneously, and not truly and fairly presenting the case; that no brief of the evidence, at the time the motion for a new trial was made, had been agreed upon by counsel, or approved by the Court; that it was, however, agreed by counsel that the motion should be heard without the brief of evidence, and that it should be made out afterwards, and if the attorneys could not agree upon it, the Court should decide and pass upon the difference between them, in relation to the same." He further said that "under this agreement, the Court heard the motion, and refused a new trial. No bill of exceptions has, by Isaac Coleman or his attorneys, been presented to him for, or

on account of any ruling in said cause, nor has he been informed that any brief of evidence has ever been agreed upon by the parties, and none has been approved by him. Long after the time for presenting and signing bills of exceptions had elapsed, Coleman's counsel called upon him and said he had a bill of exceptions in the Coleman case, and asked him to endorse upon it his refusal to sign it, and he replied that no bill of exceptions had been presented, and for that reason refused to make the endorsement." He closed by reiterating that "no bill of exceptions has been presented to him by Isaac Coleman, or his attorneys in said case," and that he did not know the averments in the exhibits to the petition served upon him, as he was not served with a copy, and prayed that the rule be discharged.

It appeared by the affidavit of Isaac Coleman's counsel that several days before the end of the time for presenting the bill of exceptions, a brief of the oral evidence prepared by them was taken to Chappell & Russell, counsel for Ransom & Company, and because they differed so widely as to its correctness they were asked to accompany them to the Judge's residence that he might decide upon these differences. Chappell & Russel objected, because there was no copy of the interrogatories attached to the brief, but went and they found the Judge had left for his plantation. They then had Hannah Coleman's bill of exceptions and Isaac Coleman's sent to Judge Johnson. They did not attach the brief of evidence to either bill of exceptions, because it was not agreed upon, expecting to attach one when agreed upon or approved by the Court; meanwhile they were having the interrogatories copied. The day after the time for certifying bills of exceptions was out the Judge returned them both bills of exceptions without his signature to either, and without any endorsement on either, but remarked that they were incorrect. Upon counsel's agreeing to alter Hannah Coleman's bill of exceptions to make it what the Judge said it should be, he agreed to sign *it*, but refused to sign Isaac Coleman's, because it was incorrect, and

had no brief of evidence attached to it. He was then told how his absence had prevented the revision of the evidence, etc., and counsel proposed then and there (Chappell & Russell being present) to submit the oral evidence for revision. The Judge refused to have that done, and refused to give further time to perfect the bill of exceptions. He further swore that the exhibits to his petition were the bill of exceptions of Isaac Coleman, the oral evidence, as he had prepared it, and a copy of the interrogatories. Further, he swore that in January, 1872, he asked the Judge to endorse upon said bill of exceptions his objections to the same, and that he refused to do so.

1. After argument had, the Court discharged the rule. They said that it was not a good bill of exceptions without having *some* version of the evidence, and that it ought not to have been certified in the form in which it was presented.

2. And further, they said that when he handed it back to counsel without his certificate, they should *then* have asked him to endorse his reasons for refusal thereon, and if he would not make it, *then* to have called upon this Court for a remedy; but they waited too long. Rule discharged.

FARROW & THOMAS; THOMAS, for movant.

CHAPPELL & RUSSELL, by REPORTER, for respondent.