## Vason & Davis *vs.* Gardner, trustee.

1. The propriety of making Burwell Gardner a party defendant to the ejectment case, for fees in which this suit was brought, is not apparent, under the facts in the record.

2. It is the duty of counsel for plaintiff in error to present to the presiding judge for his certificate a true bill of exceptions. Where the presiding judge refused to sign a bill of exceptions, on the ground that it "did not contain all the necessary facts and was not truly stated," but failed to state specifically his objections thereto in writing, and after a hearing under order of the judge, and the suggestion of corrections by defendant in error, no further action was taken for four months, during which time the term of this court to which the bill of exceptions would have been returnable had convened, without any effort on the part of the plaintiff in error to compel the signing and certifying of the bill of exceptions, the case would be dismissed on motion—although the judge certifies that he was sick much of the time after the hearing in regard to the corrections until he finally signed the certificate, he also certifying that if he had attempted to rectify the bill of exceptions, he would have been compelled to have rewritten it.

(a.) No motion to dismiss was made in this case.

3. A claim against a trust estate may be enforced at law, but the plaintiff must make, by his pleadings and proof, a case in which a court of equity would administer the relief prayed for. He must establish the existence of a trust estate, of what it consists, and the specific facts that render it liable for the debt.

4. In a suit against one as a trustee of certain named *cestuis que trust*, a judgment cannot be recovered against him individually.

March 20, 1883.

Practice in Supreme Court.    Practice in Superior Court.

Vason & Davis *vs.* Gardner, trustee.

Trusts. Pleading. Judgments. Before Judge CRISP. Lee Superior Court. March Term, 1882.

Reported in the decision.

HAWKINS & HAWKINS; VASON & ALFRIEND; JOHN C. REED, for plaintiffs in error.

FRED. H. WEST, for defendant.

HALL, Justice.

In February, 1858, Granniss, as administrator of Kennedy, brought ejectment against Herron for lot of land 144, in 13th district of Lee county, and for mesne profits. Herron dying in 1870, at the March term, 1871, of Lee superior court his death was suggested, and an order was taken to make James Gardner, of Richmond county, who was alleged to be the real defendant, a party in his stead, and directing that he be served with a copy of the declaration and process twenty days before the next term of the court; and this service was perfected on him 1st of September, 1871. In October, 1872, service was again perfected on Gardner, and also on his wife, and they appeared and answered to the suit by pleading title by prescription, and the general issue. The case coming on for a hearing, the plaintiffs had a verdict for the premises and a large amount of mesne profits.

A motion was made for a new trial, which was refused, and thereupon the case was brought to the July term, 1876, of this court, where the judgment of the court below was reversed, and a new trial awarded. 57 *Ga.*, 539. Pending the motion for a new trial in the court below, James Gardner died, and his death being suggested of record, and it being stated that Burwell Gardner was "trustee for the property in controversy," he was, by the consent of parties, ordered to be made a party in lieu of James Gardner, deceased. Subsequent to the reversal

Vason & Davis *vs.* Gardner, trustee.

of the judgment below by this court, another trial was had and a verdict rendered in favor of the defendant in the ejectment suit.

1. The propriety of making Burwell Gardner a party defendant to this suit is not apparent to us; it does not seem that he was in any way the successor of James Gardner, who, while in life, defended as James Gardner, in his individual right, and not as trustee for any one, together with his wife, who, for aught that appears to the contrary, was still in life, and being *discovert* by the death of her husband, was capable in her own name and right of conducting this defence, and indeed, as survivor, was the proper party to carry on this litigation. She does not appear to have been dropped from it, or to have relinquished any right she had to conduct it, and it is not altogether certain that she was ever consulted or gave her consent to the arrangement by which Burwell Gardner, as trustee, was made a party to the suit.

2. At the termination of this suit, Vason & Davis brought an action against Burwell Gardner, " as trustee for Mrs. James Gardner and her children," for the recovery of one thousand dollars, besides interest, which they claim was due them for services rendered as attorneys at law, in the above mentioned ejectment suit. The declaration sets forth that Mrs. Gardner and her children were the owners of two plantations in the county of Lee, and that one of them included the lot of land in question. It does not state, however, either the terms of the trust under which these plantations were held for them, or who were the beneficiaries of this trust, or the amount and character of interest that each or any of them had in the alleged trust property. They state that they were employed to defend by the trustee, and that they claim a debt for the amount sued for, with interest, " against the property of the trust estate," and pray process against " the defendant, Burwell Gardner, as trustee." This writ was served on Burwell Gardner, who appeared and plead the general issue, *non assumpsit,*

Vason & Davis *vs.* Gardner, trustee.

" in manner and form as the plaintiffs in their declaration complain against him." The case was tried at the March term, 1882, of Lee superior court; and on the 13th day of that month, after hearing the evidence, the court awarded a non-suit, " for the want of sufficient proof to carry the case to the jury," as alleged in the order.

On the 17th day of April, 1882, the plaintiffs tendered. to the presiding judge a bill of exceptions, in which the only error assigned was the " granting of the non-suit in said case," and which he then refused to sign and certify, because it "did not contain all the necessary facts, and was not true as stated." He did, as required by Code, §4257, return the bill of exceptions to the parties, but did not state specifically his objections thereto in writing, any further than as above indicated; however, on that day he ordered notice to the opposite party of the fact that the bill of exceptions tendered was not true, and did not contain all the evidence material to a clear understanding of the case, and of the time of tendering the same, and appointed the 5th day of May then next ensuing, to hear evidence of the truth of such exceptions, that the same might be certified. This notice was, on the day it was given, duly served on counsel for defendant in error, and on the day mentioned for hearing evidence, the counsel for defendant in error furnished divers corrections of the statements contained in the bill of exceptions. The corrections were not then made, because of the sickness of the presiding judge. The whole matter was laid aside, and no further steps were taken until the 21st day of September, when, being about to retire from office, the presiding judge found these papers, and appending thereto the corrections suggested by defendant's counsel, he signed and certified the writ of error as thus corrected, and the case was returned to the February term, 1883, of this court. Ten days were allowed by the above recited section of the Code, after the bill of exceptions was tendered, to make the corrections. Within that time it was the privilege of the judge to avail him-

Vason & Davis *vs* Gardner, trustee.

self of the evidence furnished by the opposite party to correct the errors in the bill of exceptions; but in this case, the time for that purpose was extended to twenty days; and when the bill of exceptions was certified, some four months thereafter, the term of this court, to which it should, in due course of law, have been returned, had commenced and continued for more than fifteen days. There was an utter failure upon the part of the plaintiffs in error to avail themselves of the remedy provided by law (Code, §4558.), to compel the signing and certifying of the bill of exceptions in time. True, the judge says that after the 5th of May, he was sick much of the time, until he finally signed and certified; but he also says that, if he had attempted to rectify the bill of exceptions, he would have been compelled to have re-written it. But this was no part of his duty. It was the duty of the counsel tendering the bill of exceptions to present the facts fully and truly, and to have presented nothing but the facts. 7 *Ga.*, 259; 22 *Ib.*, 212; 45 *Ib.*, 317; 58 *Ib.*, 194; 60 *Ib.*, 447; *McBride & Co. vs. Beckwith, trustee*, 67 *Ga.*, 764, and *Hallett, Seaver & Burbank vs. Dunn*, decided at the present term of this court, and not yet published.

If a motion had been made and insisted upon to dismiss this writ of error, we should have been compelled to grant it; but it was not done; and, with some hesitancy and doubt as to our jurisdiction over the case, we proceed to dispose of it upon the merits, as though it were regularly before us.

3. Without entering into the various questions made, it will be sufficient to state that the pleadings did not contain the requisite statements to charge this property as a trust estate, and the proof, as certified, fell very far short of subjecting this property to the payment of the plaintiffs' debt. *Gaudy trustee, vs. Babbitt et al., adm'rs*, 56 *Ga.*, 640, is fully in point, and holds that "the plaintiff must establish the existence of the trust estate, of what it consists, and the

Vason & Davis vs. Gardner, trustee.

specific facts which render it liable for the debt." This is the substance of one of the head-notes in this case. Bleckley, J., in delivering the opinion of the court, is still more explicit. "The terms of the trust," he said, "were not shown so as to disclose to the court and jury what were its scope and purpose; who, if any, besides Mrs. Gaudy, were the beneficiaries; or what, if any, restrictions were imposed upon the trustee's power. Neither did it appear of what the trust estate consisted, or what was its value, or whether it yielded an income, or whether an encroachment upon the *corpus* would be necessary or proper." "While, under §3377 of the Code, a claim against a trust estate may be enforced at law, the plaintiff, by his pleadings and proof, must make a case in which a court of equity would administer the relief prayed for." *Winslow vs. O'Pry*, 56 *Ga.*, 138, furnishes an instance in which a judgment, founded on a suit which was wanting in these requisites, was set aside.

In the case at bar, none of these essential facts appear. While it is certain that the plaintiffs rendered services in defending the suit in ejectment, the evidence tends strongly to show that by far the greater part of these services were rendered, not at the instance of the defendants in that suit, but of Bartlett, the warrantor of their title, who is dead and insolvent, and that Vason himself had become bound to make good Bartlett's warranty of this title.

The plaintiffs proposed, on the trial, to amend by striking from the declaration all the lands mentioned, except lot number one hundred and forty-four, in protecting the title to which the services were rendered; but this amendment would have amounted to nothing, because it would not have supplied the defects apparent as to other essential facts.

4. Neither was it in the power of the plaintiffs, as was insisted in the argument here, to have judgment against Burwell Gardner in his individual character, on the contract which it was claimed that he made. According to the

allegations in the pleadings, he did not bind himself individually for this debt, but "as trustee." Such a judgment would not have corresponded with the facts stated in the declaration, but would have been directly contrary thereto, and the declaration could not have been so amended as to warrant such a finding. Code, §3480.

Judgment affirmed.