### 10875.  SHALE, trustee, v. ROURKE, judge.

BROYLES, C. J.  1. It is the duty of counsel for the plaintiff in error to present to the presiding judge for his certificate a true bill of exceptions, and it is his further duty, where the judge refuses to certify the bill of exceptions tendered him but fails to give in writing his objections thereto, to request the judge to endorse upon the bill of exceptions his reasons for his refusal; and if the judge fails to do so, then the matter should be brought to the attention of this court.  *Coleman v. Johnson, 45 Ga. 317; Vason v. Gardner, 70 Ga. 517.*

2. Where the judge refuses to sign the bill of exceptions tendered him, and returns it to counsel for the plaintiff in error within ten days, without giving in writing the reasons for his refusal, but where he orally states them to counsel and he is not requested by counsel to put them in writing, and where further the judge, in conformity with the last provision of section 6158 of the Civil Code (1910), orders that notice be given to the opposite party of the fact and time of tendering the exceptions, and where the notice is given and a hearing is held, at which the judge again orally states his reasons for his refusal to certify the bill of exceptions, to wit, that it contains inaccurate and erroneous statements of the evidence, which are specifically pointed out by the judge, and where counsel for the plaintiff in error makes no effort to correct the bill of exceptions, but insists upon it being certified as tendered, the judge will not be required to sign the bill of exceptions.

*Mandamus absolute denied. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 14, 1919.

Application for mandamus.

*F. A. Tuten, W. B. Stubbs,* for petitioner.