25343. BRUCE *v.* FOGARTY.

JENKINS, P. J. 1. "Courts of ordinary have authority to exercise original, exclusive, and general jurisdiction of the following subject-matters: . . The granting of letters testamentary, and of administration, and the repeal or *revocation of* the same. . . All controversies in relation to the right of executorship or administration." Code of 1933, § 24-1901 (2, 3). "Whenever the ordinary knows, *or is informed by any person having any interest in the estate,* that the administrator . . *for any reason . . is unfit* for the trust reposed in him," after citation and hearing, "the ordinary may, in his discretion, revoke the letters of administration." § 113-1229. This section is applicable to executors as well as administrators. § 113-1101. The word "unfit" as used in the statute is not limited to physical, mental, or moral conditions, but is sufficiently broad to include a legal disqualification under the will or otherwise. See Webster's Dictionary. Therefore where, as in the instant case, the testator in a will appoints a person to be executrix "only so long as she remains a widow," and she remarries after her qualification as executrix, the court of ordinary has jurisdiction of a petition to revoke its letters testamentary on the ground that the executrix is no longer qualified under the will.

2. Such a proceeding for the revocation of letters testamentary does not involve a construction of a will, so as to exceed the jurisdiction of the ordinary, even though the will further provides, immediately following the language quoted: "and in the event of her remarriage it is my will and desire that the judge of the probate court for the County of Barnwell, South Carolina, shall take charge of said estate and hold the same until he shall appoint some one to act as guardian for said minor child, until the said [child] becomes twenty-one years of age;" the testator residing in said county of South

Carolina at the time the will was executed, but residing in the county of probate in Georgia at the time of his death. The instant proceeding in nowise sought to invoke, annul, or disregard the provision relating to the appointment of a guardian for the minor legatee; and the absence of power in the judge of the foreign probate court to take charge of the estate is too manifest to involve any principle or question of construction of the provision that he should do so pending his appointment of a guardian.

3. The limitation of the appointment to such time as the executrix remained a widow would not render the limitation void as an illegal restraint against marriage, under the Code, § 53-107, or as in contravention of § 113-1204, providing that "any married woman may act as executrix or administratrix upon any estate by complying with all the requirements of the law for other like representatives of estates; and no letters testamentary or of administration granted to a feme sole shall abate in consequence of her marriage after the granting of such letters testamentary or of administration." The testator had the reasonable right to anticipate and provide for more or less materially changed conditions which might accompany a renewed coverture of the executrix, and its results upon her opportunity to perform and her manner of performance of the duties of administration. See 23 C. J. 1019, § 55. The purpose of the statute allowing women to act or continue as executors and administrators after their marriage was merely to change the former legal rule which had excluded them from this right and privilege, and not to create such a public policy and vested right as could not be modified, as it was in the instant case, by a specific testamentary provision. See *Leverett* v. *Dismukes*, 10 *Ga.* 98; *Hood* v. *Perry*, 73 *Ga.* 319, 320; *Wilson* v. *Wood*, 127 *Ga.* 316 (2), 318 (56 S. E. 457).

4. Under the Code, § 113-1229, a proceeding for the revocation of letters of administration or letters testamentary may be initiated "whenever the ordinary knows, *or is informed by any person having any interest in the estate*" that one or more of the specified conditions exist which will authorize the ordinary in his discretion to revoke the letters. Therefore, an attorney may convey such information to the ordinary and initiate by a petition the proceeding, resulting in an order of revocation of the letters testamentary by the ordinary, and in an affirmance of such order by the superior court on appeal, even though the attorney may not be a beneficiary under the will or a creditor of the estate, but is merely interested therein on account of his claim for attorney's fees in connection with the probate of the will.

5. Under the preceding rulings, the court of ordinary and the superior court on appeal did not err in revoking the letters testamentary and removing the executrix.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 9, 1936.

*Abram Levy,* for plaintiff in error.
*Starkey S. Flythe, Paul T. Chance,* contra.