### 25868. FOUTS *v.* FRANKLIN, Judge.

DECIDED DECEMBER 5, 1936. REHEARING DENIED DECEMBER 17, 1936.

*Abram Levy,* for movant.

*William K. Miller, Isaac S. Peebles Jr., D. G. Fogarty, Paul T. Chance,* for respondent.

PER CURIAM. Violet Alethea Fouts, by S. M. Horne as next friend, filed in this court a petition for mandamus against Hon. A. L. Franklin, judge of the superior court of the Augusta circuit, asking that he be required to sign and certify a bill of exceptions, a copy of which is attached to the petition. From this petition it appears that D. G. Fogarty made application to be appointed administrator with the will annexed of the estate of John Franklin Bell, to which S. M. Horne, as next friend for Violet Alethea Fouts, filed a caveat. Starkey Flythe also filed a caveat to the application of Fogarty, on the ground that Flythe was the guardian of Violet Alethea Fouts, a minor, who was the sole legatee under the will of Bell, and asking that he be appointed administrator. Horne then filed objections to the caveat of Flythe, denying that he was the legal guardian of the minor. On the hearing of this issue the ordinary of Richmond County appointed the Citizens & Southern National Bank administrator with the will annexed of the estate of Bell, which case was appealed to the superior court, where Horne's caveat was dismissed by the judge, and Starkey Flythe was appointed administrator of the estate, at the May term, 1936. On June 19, 1936, Horne, as next friend for the minor, tendered to the judge his bill of exceptions, assigning error on the dismissal of his caveat and the direction of the verdict naming Starkey Flythe administrator. The judge refused to certify the bill of exceptions, and filed it in the clerk's office on July 7, 1936, with an order or memorandum entered thereon. On July 16, 1936, on motion of counsel for Horne as next friend of the minor, and after notice to the opposite parties the judge held a hearing on this matter, and again declined to sign the bill of exceptions. A mandamus nisi was issued by this court, calling on Judge Franklin to show cause why he should not sign and certify the bill of exceptions referred to in the said application. It appears from the answer and response of Judge Franklin, among other things: "This case came on for hearing, after the decision of the former appeal involving the same estate, wherein Mrs. Allie Rae Bruce had been adjudged disqualified, under the will of John

Franklin Bell, to administer said estate," and which judgment was affirmed by this court. *Bruce* v. *Fogarty,* 53. *Ga. App.* 443 (186 S. E. 463). "The present case was called in its regular order on May 22, 1936, the same being a contest over the appointment of an administrator with the will annexed, for the same estate, wherein Mrs. Bruce had been removed as executrix. Under the terms of said will Miss Violet Alethea Fouts, a minor eighteen years of age, was the sole beneficiary. In this contest the Citizens & Southern National Bank had been appointed administrator of the estate, in the court of ordinary. After the appeal to the superior court, said bank, by its petition filed in the superior court, withdrew its name, and suggested to the court the appointment of the caveator, Starkey S. Flythe, Esq. Respondent knew and took judicial notice of the fact that Mr. Flythe was not a stranger to Miss Violet Alethea Fouts, the minor legatee. He had represented her successfully as attorney, and as guardian ad litem, duly appointed by the court, in connection with this same estate, and in a lengthy contest over the validity of the will of John Franklin Bell, and as a result of which the will was upheld, and the right of the minor to the estate permanently established. In the inception of the trial of said case, said Starkey Flythe, Esq., arose and stated to the court that he was not particular as to his appointment as administrator, and that if Miss Violet Alethea Fouts, the legatee (a girl of eighteen years of age), did not desire his appointment as such administrator, he would withdraw in favor of any one she desired appointed who could qualify for the office; that he had so notified Mr. Abram Levy, attorney for her mother, Mrs. Bruce, several days before the trial. To this offer neither Mr. Levy, nor Mrs. Bruce, nor Violet Alethea Fouts, all present in court, made any response or reply. The court perceiving that the property rights of a minor were involved; that the person who should become the administrator under the will of John Franklin Bell was a matter of serious moment to her, and that she was in effect a ward in chancery; that of necessity the duty devolved upon the court to protect her interest, and to act for her best interest in any appointment that might be made; and to that end and with this in view he ordered the case to proceed."

Objections to S. M. Horne's serving as next friend of the minor were sustained, it appearing to the court that said Horne was not

a proper or fit person for such trust, and that he was really not appearing in court as next friend of the said minor, but at the request of and in the interest of her mother. It further appeared from the response of Judge Franklin: "The court thereupon definitely ruled that said Horne could not act in said superior court as next friend of said minor. To this ruling no objection was made, and there was no request by any person, neither by the mother, Mrs. Bruce, nor Mr. Levy, her attorney, or by Miss Violet Alethea Fouts, minor, for the court to appoint a next friend, or another guardian ad litem to represent her interest in said case. This was left with the court. Thereupon evidence was submitted, showing the disqualifications of Mrs. Bruce to administer the estate and the proper qualifications of Starkey S. Flythe to administer. There being no other evidence, the court directed a verdict in favor of the appointment of said Mr. Flythe as administrator. Subsequently Mr. Horne presented said bill of exceptions to the court, June 19, 1936. Upon investigation the court found that the said bill did not contain all the necessary facts that had transpired in said court; did not contain said statement of Mr. Flythe, nor the failure of the said Violet Alethea Fouts or her mother, Mrs. Bruce, to make any response thereto, or objection to Mr. Flythe's appointment, nor did it state the definite ruling of the court refusing to allow the said Horne to act in said court as next friend of said minor. . . The court thereupon notified Abram Levy, Esq., attorney representing said bill of exceptions, of his views in regard thereto; but nothing being done by said Levy, respondent subsequently sent the same to the clerk's office, with a memorandum of his views attached."

"It is the duty of counsel for the plaintiff in error to present to the presiding judge for his certificate a true bill of exceptions, and it is his further duty, where the judge refuses to certify the bill of exceptions tendered him but fails to give in writing his objections thereto, to request the judge to endorse upon the bill of exceptions his reasons for his refusal; and if the judge fails to do so, then the matter should be brought to the attention of this court. *Coleman* v. *Johnson*, 45 *Ga.* 317; *Vason* v. *Gardner*, 70 *Ga.* 517. . . Where the judge refuses to sign the bill of exceptions tendered him, and returns it to counsel for the plaintiff in

error within ten days, without giving in writing the reasons for his refusal, but where he orally states them to counsel and he is not requested by counsel to put them in writing, and where further the judge, in conformity with the last provision of section 6158 of the Civil Code (1910) [1933, § 6-909], orders that notice be given to the opposite party of the fact and time of tendering the exceptions, and where the notice is given and a hearing is held, at which the judge again orally states his reasons for his refusal to certify the bill of exceptions, to wit, that it contains inaccurate and erroneous statements of the evidence, which are specifically pointed out by the judge, and where counsel for the plaintiff in error makes no effort to correct the bill of exceptions, but insists upon it being certified as tendered, the judge will not be required to sign the bill of exceptions." *Shale* v. *Rourke, 24 Ga. App.* 284. It appears from the respondent's answer that the bill of exceptions presented to him did not contain all of the material and necessary facts that transpired on the trial of the case, and that he thereupon notified counsel presenting said bill of exceptions in regard thereto, but counsel failed to correct the same; whereupon the judge filed the proffered bill of exceptions in the clerk's office. After notice to the opposite party another hearing was had before the judge, who still declined to sign the bill of exceptions, and counsel tendering the bill of exceptions still failed to correct it. Under the facts of this proceeding and the law applicable thereto, the judge will not be required to sign the bill of exceptions.

*Mandamus absolute denied. Jenkins, P. J., and Stephens and Sutton, JJ., concur.*