## BRADSHAW v. HEDGE & HEATON, et al.

1. PROTEST: EVIDENCE. A certificate of protest by a notary, in the "usual form," is evidence only of the facts therein recited; and where it states that the notice of protest was sent by mail to the address of the indorser at a certain place, it will not be assumed that the place named is the residence of the indorser.
2. MOTION NON OBSTANTE VEREDICTO. A motion by a defendant for judgment non abstante veredicto should not be entertained. Where a verdict for plaintiff is against the instructions of the court or the evidence, the defendant's remedy is by a motion for a new trial.

*Appeal from Polk District Court.*

SATURDAY, APRIL 28.

ACTION against Hedge & Heaton as the makers, and W. H. Hervey as the indorser of a promissory note. Hervey filed his separate answer denying the indorsement, and also denying that he had been notified of a demand, and of non-payment by the maker thereof. Upon the issue thus joined there

was a trial by jury, and a verdict for the plaintiff for the amount of the note, whereupon the defendant, Hervey, moved the court to render judgment in his favor *non obstante veredicto*. This motion was sustained by the court and a judgment rendered accordingly. Plaintiff appeals.

*S. Sibley* and *Wilson T. Smith* for the appellant.

I. The motion for a judgment *non obstante veredicto*, made by defendant, is without warrant of law or practice. 1 Bur. Pr. 168; 2 Arch. Pr. 261; Steph. 97; 2 Hill 86; 12 Wend. 475; 2 Cow. 626; 16 John. 227; 18 Ib. 13; 2 Wend 624; 4 Ib. 468; 5 Ib. 513. 1 Hall 632; *Snow* v. *Kerrant*, 8 Ver. 309; 5 Pick 187; *Buckingham* v. *McCracken*, 2 Ohio State R. 287; *Smith* v. *Powers*, 1 N. H. 546.

II. Defects that would be fatal on demurrer are cured by verdict when the facts which were defectively stated must have been proved on trial. *Cameron* v. *Phillips*, 2 Sneed (Tenn.) 185; *Vaughn* v. *Gardner*, 7 B. Mon. 326; *Wilson* v. *Hunt*, 5 Ib. 379.

III. Pleas though imperfectly drawn, if they apprize the opposite party of the nature of the claim or defense are good after verdict. *Sullivan* v. *Dollins*, 13 Ill. 85; 7 Barr 241; 6 B. Mon. 379; 18 Ala. 606.

Counsel for appellant also contended that the protest, under section 2414 of the Code, is evidence of all facts necessary to constitute a good notice to the indorser.

*John A. Kasson* for the appellee, contended: 1. That the certificate of protest is evidence only of what it contains, and was not sufficient to show the residence of the indorser. 2. That as the verdict was general, the court had a right to presume that the finding was according to law, against the defendants Hedge & Heaton only.

BALDWIN, J.—Appellant insists that the verdict of the jury was in accordance with the evidence, and that the court had no power or authority of law for entering a judgment

for the defendant, upon a verdict of the jury for the plaintiff.

The plaintiff upon the trial in the District Court, to charge Hervey as indorser, introduced in evidence the note sued on, signed by Hervey as indorser, and the protest made by the notary public who had presented the note for payment. It appears from this protest that the note had been duly presented at the banking house of Hedge & Heaton, the makers, and payment thereof demanded; that the note was presented for reason of non-payment; that notice was given to the makers thereof, and a notice of non-payment placed in the post office in the city of Des Moines, duly enveloped, postage prepaid, and directed to W. H. Hervey, Dubuque, Iowa. In addition to the above testimony, the plaintiff introduced one Cook, who testified that the protest thus introduced was made in the usual form. This being the only evidence introduced, the court instructed the jury.

1. " The protest was sufficient evidence to charge Hervey as the indorser, provided they were satisfied that he resided at Dubuque at that time."

2. "Unless it was proved that Hervey was at Dubuque, or a resident there at that time, they should find for defendant, Hervey."

3. "That the protest did not show the residence of Hervey, and in the absence of other proof of his residence and notice of non-payment of said note at such place, they should find a verdict for defendant, Hervey.

Section 2414 of the Code provides, "that the usual protest by a notary public, without proof of his signature or notarial seal, is evidence of the dishonor and notice of a bill of exchange or promissory note." The " usual protest " referred to in the section of the Code above quoted, is the protest recognized by the law merchant, and the design of this provision of the statute, is to permit such protest to be received in evidence without requiring the party producing the same to prove the seal and signature of such officer. This evidence is *ex parte* in character, and its admissibility is

Bradshaw v. Hedge & Heaton, et al.

an innovation upon the common law rule of evidence, giving to the opposite party the right of cross-examination, but the change is justified by its advantage to the commercial interests of the country. While the law allows such evidence to be admitted, it can only be considered as evidence of those facts which by the well settled rules of commercial usage can be proved by such protest, namely, the demand at maturity of the maker, and notice to the indorser of non-payment. The protest in this case does not show that Dubuque was the place of residence of Hervey, or his post office address, nor was there any evidence introduced to establish this fact, except the protest. The court properly instructed the jury, and upon these instructions the verdict should have been for the defendant.

The verdict, however, being contrary to the instructions of the court, and not justified by the evidence, the next question presented for our consideration is, did Hervey interpose the proper motion to avoid the effect of such verdict? A motion *non obstante veredicto* was only entertained by the courts under the former system of pleadings and practice, under a certain state of pleadings and findings by the jury, as when the defendant admitted the material allegations in the plaintiff's declarations, but joined issue upon some immaterial averment, which was found by the jury for the defendant. It appears, however, that the courts have never entertained such motion when made by the defendant. In the case of *Smith* v. *Smith*, 4 Wend. 471, MARCY, J., says, upon a motion of this kind, "It is equally a novelty in practice for defendant to ask for a judgment *non obstante veredicto*. It is only for a plaintiff that such a judgment can be rendered." Also, in 5 Wend. 514, the same judge says "no case has been found in which such a motion has been made on the part of defendant, and the language of all the cases seems to imply that it is a motion to be made only by the plaintiff. It does not appear that more has been done for the defendant than to arrest the judgment when the verdict is for the plaintiff." In the case of *Buckingham* v. *McCracken*, 2

Ohio State R. 294, upon this character of motion, CALD-WELL, J., says : "In the first place we would say that in our opinion the court erred in entering up judgment for the defendant *non obstante veredicto.* This is a judgment that can be given only for the plaintiff. The remedy of the defendant is to have the judgment arrested; he can go no farther."

It is claimed, however, by appellee, that by the provisions of our Code, section 1815, the court has power to entertain such motion and render judgment thereon. We do not regard this section as giving that power. We think this section applies to causes in which there are two or more persons as plaintiffs and two or more persons as defendants, in which the verdict rendered may affect the interests of one plaintiff more than those of the other. In such case the court has the power to determine the ultimate rights of the plaintiffs or defendants, as between themselves, and to render judgment accordingly. We do not think that this provision of the statute gives to the court the power to render a judgment in direct opposition to the finding of the jury. Such a power would be subversive of the spirit and design of the law which gives to a party the right to a trial by jury.

The court has full control over the actions of the jury by arresting judgment upon their verdict and granting to the party injured thereby a new trial, and motions for this purpose seem to be the settled and better practice.

Judgment in favor of Hervey reversed.