No. 12,167.

DAVID *v.* GILBERT, ET AL.

Decided January 28, 1929.

Mr. James P. Veerkamp, for plaintiff in error.

Mr. Merle M. Marshall, for defendants in error.

*Department One.*

Mr. Justice Alter delivered the opinion of the court.

This is an action brought by the defendants in error, W. W. Gilbert and Earl Gilbert, hereinafter referred to as plaintiffs, against the plaintiff in error, R. H. David, hereinafter referred to as defendant, to recover damages for breach of contract. The case was tried to a jury, resulting in a verdict in favor of the plaintiffs and against the defendant in the sum of $750; thereafter the defendant filed a motion for judgment non obstante veredicto and also a motion to set aside the verdict and grant a new trial. Both motions were denied and judgment was thereupon entered in accordance with the verdict. The defendant is here upon an application for a super-

sedeas. Both parties have filed their briefs herein and, because of the work involved in passing upon the application, it is deemed advisable to finally dispose of the case.

The errors upon which the defendant relies for reversal may be summarized as follows: (1) Refusal to grant defendant's motion to set aside verdict and to grant a new trial; (2) admission of certain evidence.

The complaint alleges and the answer admits that the parties to this action, on the 24th day of June, 1927, entered into the following contract:

"Agreement, made and entered into this 24th day of June, 1927, by and between R. H. David of the county of Rio Grande and state of Colorado, party of the first part, hereinafter called seller, and Earl Gilbert of the county of Alamosa and state of Colorado, party of the second part, hereinafter called purchaser.

"Witnesseth: That for and in consideration of the mutual promises and agreements to be kept by the parties hereto, seller agrees to sell to purchaser and purchaser agrees to and with seller to purchase from seller the following described chattel property, to-wit:

"One Auburn automobile, closed model, said automobile to be new, at and upon the following terms and conditions, viz.:

"1. The full agreed purchase price of said new Auburn automobile is price in effect at time of delivery, or more according to the model of the automobile which purchaser shall decide upon at the time purchaser shall sign the order for said automobile. It is understood and agreed by and between the parties hereto that as a part of the purchase price purchaser shall deliver unto seller two used automobiles described as follows, to-wit:

"One Hupmobile touring car and one Reo touring car, at and for the price of $475.00 for the Hupmobile touring car and $275.00 for the Reo touring car. The balance of the purchase price remaining, whatever it shall be, shall be paid in monthly installments, the amount of which

shall be determined at the time purchaser shall sign the order for said new Auburn automobile.

"2. Said used cars being one Hupmobile and one Reo, both touring cars, shall be delivered to seller upon the execution hereof. Said cars to be free of taxes, liens and encumbrances of whatever nature.

"3. Delivery of said new Auburn automobile is to be made by seller unto purchaser on or before sixty days after the date hereof. The exact date to be specified by purchaser.

"4. If for any reason purchaser shall default in any of his promises or agreements herein contained or shall default in the payment of any of the purchase money within the time to be specified by the order to be signed by purchaser, then and in any of those events this contract shall be null and void and both parties released and discharged of all further obligations hereunder and the two used cars this day delivered to seller by purchaser shall be kept and retained by seller as his liquidated damages for a breach hereof.

"Executed in duplicate on the day and the year first above written.

"R. H. David, seller.

"By Ray M. Warren, dealer.

"O. W. Rumsey, salesman.

"Earl R. Gilbert & W. W.

Gilbert, purchaser."

The plaintiffs allege full compliance with the terms and conditions upon their part and allege that the defendant had failed and refused to perform his part by the delivery of the new automobile, and upon demand had failed and refused to return to the plaintiffs the sum of $750, wherefore judgment for that amount, together with damages in the sum of $200, was demanded. The defendant denied compliance on the part of the plaintiffs and breach upon his part and, by way of further answer and as a separate defense, alleged that the plaintiffs had failed to

sign the order and designate the model car as provided in paragraph 1 of the contract. The plaintiffs filed their replication denying all new matter in the answer contained.

The evidence in the case is without material conflict except upon one point hereinafter discussed. The plaintiffs admitted upon the witness stand that they had not signed a written order for the automobile, but testified that at the time the contract was prepared by the defendant, through his agents, and as soon as it was signed, they informed the defendant that they desired a certain model car. That the only question respecting the same was the time of delivery thereof. That subsequently they informed the defendant, through his agent, that they were ready to accept the car; made some inquiry as to the time it could be obtained, and were assured by the defendant that it could and would be delivered at the time indicated and prior to August 24, 1927, the time limited by the contract. The plaintiffs produced several disinterested witnesses who testified in substance as the plaintiffs themselves had testified. It is apparent from the evidence of the defendant and his witnesses that no mention was ever made, by the defendant to the plaintiffs, of their failure to sign any written order and it is an undisputed fact in the case, as testified to by the defendant, that the defendant sought to procure a car, of the model selected by the plaintiffs, for delivery to them, but was unable to do so until long after the time stipulated in the contract, and when defendant finally procured the car, the plaintiffs refused to accept it and had long prior thereto elected to declare the contract at an end.

1. The motion for a new trial, to the overruling of which the defendant excepted, was based upon the following alleged errors: (a) Refusal of court to direct a verdict for defendant; (b) refusal of court to grant defendant's motion for judgment non obstante veredicto; (c) in the introduction of certain evidence.

(a)   The plaintiffs and several disinterested witnesses testified to conversations between the plaintiffs or one of them, and the defendant's agent, in which the ordering of the new car was discussed.   The plaintiffs and their witnesses testified that the defendant said that no written signed order was necessary, and that the car would be delivered to the plaintiffs within a short time and the plaintiffs also testified that prior to or contemporaneous with the signing of the contract in question they selected the model car which they desired to purchase and that the time only of delivery thereof was undetermined. This evidence was disputed by the defendant's witnesses and this made a conflict therein which precluded the court from granting the defendant's motion for a directed verdict.   The citation of authorities upon this point is unnecessary.

(b)   A motion for judgment non obstante veredicto is a motion peculiarly belonging to an unsuccessful plaintiff and should not be considered when interposed by the defendant.

In *Quimby v. Boyd,* 8 Colo. 194, 198, 199, 6 Pac. 462, 464, this court said: ''The grounds assigned in the motion for judgment notwithstanding the verdict are, 'for the reason that upon the record plaintiffs are not entitled to recover, and second, for the reason that the plaintiffs failed to prove a sufficient case for the jury.'   No error was committed in denying this motion.   It cannot be said to have been based on defects in the pleadings because they are not mentioned.   It, therefore, assumes to be the usual motion for judgment non obstante veredicto, but this is not a proper motion to be interposed by a defendant, and the courts say that when so interposed it should not be entertained.   In *Bradshaw v. Hedge,* 10 Iowa, 402, the court say: 'A motion non obstante veredicto was only entertained by the courts under the former system of pleadings and practice, under a certain state of pleadings and findings by the jury, as when

the defendant admitted the material allegations in the plaintiff's declaration, but joined issue upon some immaterial averment, which was found by the jury for the defendant. It appears, however, that the courts have never entertained such motion when made by the defendant.' This case holds, and the decision is supported by authorities therein cited, that the proper motion for a defendant, when the verdict is for the plaintiff, is in arrest of judgment.''

In *Floyd v. Colorado Fuel & Iron Co.*, 10 Colo. App. 54 et seq., 50 Pac. 864, it is said:

"Afterwards the company filed a motion for a new trial and a motion for judgment non obstante veredicto. This term is used because it was so denominated by the mover, and in terms was an application for judgment dismissing the action notwithstanding the verdict of the jury, although the grounds of it remove it entirely from that class of motions. It was wholly based on considerations foreign to such applications, and its eight several grounds as specifically stated, were rested on parts and portions of the testimony, and on it as a whole the defendant attempted to maintain the right to a judgment in its favor notwithstanding the verdict because from the evidence sundry and divers facts appeared which would bar a recovery. It was granted and the court entered judgment for the defendant. This judgment and order of the court is the only error assigned and therefore the only one which will be considered.

"In support of the assignment, the plaintiff insists that a judgment non obstante veredicto may not be entered on the motion of the defendant. Many cases are cited to this proposition and they uniformly support it. It is urged to the contrary that the rules, proceedings, and practice which prevailed at the common law are inapplicable under the code, which can alone be looked to, to ascertain whether the defendant may make such a motion and obtain the relief which was formerly granted in like cases wherein application was made by one en-

titled to present it. We do not regard the question as an open one. We discover in a case which was not called to our attention that this question has been set at rest by an authoritative decision of the supreme court rendered since the code went into effect, and the practice is settled by that case. *Quimby v. Boyd et al.,* 8 Colo. 194.

"Therein the court holds that this motion may not be made by the defendant, nor can he obtain relief of an analogous character otherwise than by one in arrest of judgment. Since this is true, it must be conceded that the result sought could not be secured by this procedure. The liberality which pervades the code practice, and the purpose and intent of the legislature to require the courts to disregard errors of an unsubstantial character and to affirm judgments which do not affect the substantial rights of the parties, compel us to consider another question which may be regarded as collateral to the first. This is whether the motion can be considered as one in arrest of judgment. But this reaches only those defects which are apparent on the face of the record and which are not cured by a verdict or saved by a failure to demur, and which do not require the consideration of matters not apparent in the record proper, nor dependent on testimony for their solution. We have been able to find no exceptions to this rule. 1 Black on Judgments, § 98. *Commonwealth v. Watts,* 4 Leigh. 672; *Sanner v. Sayne,* 78 Ga. 467; *Brown v. Lee,* 21 Ga. 159; *Balliett v. Humphreys,* 78 Ind. 389; *Sedgwick v. Dawkins,* 18 Fla. 335; *Hardesty v. Price,* 3 Colo. 556."

In *Denver City Tramway Company v. Wright,* 47 Colo. 366, 370, 107 Pac. 1074, 1077, it is said: "A motion for judgment non obstante veredicto cannot be interposed by a defendant in a law case. It was, therefore, not error to overrule it. *Quimby v. Boyd,* 8 Colo. 194; *Hall v. Linn,* 8 Colo. 264; *Floyd v. C. F. & I. Co.,* 10 Colo. App. 54, 56, 57." Therefore there was no error in denying this motion.

(c)   The error assigned in the admission of evidence relates wholly to that evidence which the court admitted and which sought to explain why no written order for the car was given, which the defendant contends was not an issue under the pleadings herein, because the replication did not contain a plea of confession and avoidance.  The defendant misconceives the pleadings herein and treats his separate and further answer and defense as new matter, which required a replication to put in issue.  In this he is mistaken for the plaintiffs had alleged that they had fully complied with all the terms and conditions to be kept and performed by them and the failure of the defendant so to do.  The answer made a complete issue by its denials and nothing could be added by alleging as new matter what had already been made an issue in the case by denial.  No replication was necessary, for the particular instances in which the defendant alleged that the plaintiffs had violated their contract, having already been made an issue by the general denial of the defendant that the plaintiffs had fully complied with the terms thereof, added nothing to the answer, and was not new matter which the plaintiffs were required to confess and avoid or deny.

" 'New matter' means matter extrinsic to the matter set up in the complaint as the basis of the cause of action."  1 Enc. Pl. & Pr. 830.

"New matter is where defendant seeks to introduce into the case a defense not disclosed by the pleadings; something relied upon by him, but not put in issue by the plaintiff, and is such as defendant must affirmatively establish."   Estee's Pleadings, § 3180.

"New matter is matter sought to be introduced by the defendant which is not disclosed by the pleadings; something relied upon by him, but not put in issue by the plaintiff, and is such matter as the defendant must affirmatively establish.  It is a settled rule of code pleading that such matter must be specially pleaded, and the right to rely on the defense so pleaded must be affirmatively

shown by the answer. In this respect there is no difference between the classes of new matter, for whatever admits, either directly or by way of necessary implication, that a cause of action as stated in a complaint once existed, but at the same time avoids it and shows that it has ceased to exist, is new matter.'' 1 Sutherland Code Pl., Pr. and Forms, § 457.

2. The court permitted the plaintiffs to introduce evidence explaining their failure to sign the order for the automobile, and no proper objection was made nor was any exception saved to the ruling of the court, excepting only to the testimony of the plaintiff Earl Gilbert, when called as a witness by the defendant for cross-examination under the statute. Thereupon, on cross-examination by his own counsel, witness was permitted to explain why he had failed to sign the written order. After all the evidence of this witness had been admitted upon this examination, upon motion of the defendant, all his evidence given upon cross-examination was stricken, so that there could be no error therein of which this defendant could complain. The court also permitted Mrs. Earl Gilbert to testify with reference to a conversation between the defendant's agent and her husband, Earl Gilbert, one of the plaintiffs herein, but the record discloses neither objection nor exception, so that error assigned thereon cannot be reviewed by this court.

An examination of the evidence in this case fairly discloses that the contract involved herein was prepared and presented by defendant's agents to the plaintiffs for their signature; that the plaintiffs immediately delivered two cars, mentioned in the contract, to the defendant and that the defendant allowed the plaintiffs a credit of $750 on the purchase price of a new car. The jury was justified in believing that, even before the contract was actually signed, that plaintiffs had definitely and specifically designated the model car they desired; that thereafter the plaintiffs notified the defendant that they were ready and willing to receive and pay for and

194

desired the new automobile delivered to them, and all without any objection, upon the part of the defendant, that the order had not been signed; that the defendant thereupon set about to procure the automobile, which the plaintiffs desired, but was unable to secure one, and his ability to procure the desired automobile was in nowise affected by, nor could he have procured it with, the written and signed order of the plaintiffs and thereby have complied with the terms of his contract. The jury found that the defendant had violated his contract and gave its verdict accordingly, and we can see no sufficient reason for disturbing the judgment entered thereon.

The judgment is therefore affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.