C. R. A. H., minor, BY PUEBLO COUNTY DEPARTMENT OF SOCIAL SERVICES, and M. J. H. (Mother), as next friend, Petitioners-Appellants,

and Concerning P. M. M., Respondent-Appellee.

G. D. M., minor, BY PUEBLO COUNTY DEPARTMENT OF SOCIAL SERVICES, and S. K. M. (Mother), as next friend, Petitioners-Appellants,

and Concerning, P. J. C., Respondent-Appellee.

Nos. 80CA1258, 80CA1259.

Colorado Court of Appeals, Div. II.

Nov. 27, 1981.

Rehearing Denied Dec. 17, 1981.

Certiorari Denied June 21, 1982.

Patrick J. Maggio, Ballas, Maggio & Thiebaut, P. C., Pueblo, for petitioners-appellants.

Donald G. Drummond, Young, Drummond & Dougherty, P. C., Pueblo, for respondents-appellees.

STERNBERG, Judge.

The Pueblo County Department of Social Services appeals from a district court order awarding attorney fees and costs to defendants in two unrelated paternity actions. We affirm in part and reverse in part.

The Pueblo County Department of Social Services and two unwed mothers, as next friend of their children, brought paternity actions against each of the defendants. The Department sought damages for prenatal disbursements and future payments in the nature of support. The defendants, putative fathers, prevailed in each case after jury trials. Based on the Uniform Parentage Act, § 19–6–117, C.R.S.1973 (1978 Repl.Vol. 8), the court awarded attorney fees and costs in each case: $4,084 in the matter of P. M. M., and $2,486.50 in the matter of P. J. C. Included in the award in the P. M. M. case was an award of guardian ad litem fees of $653.

The Department of Social Services contends that charging costs and attorney fees to it violates the general legislative intent and policy, interferes with federal policy, and is punitive. The Department also asserts that the court improperly included mileage fees to an out-of-state witness in its award. Finally, the Department asserts the statute does not authorize an award of guardian fees in the case concerning the child C. R. A. H.

Section 19–6–117, C.R.S.1973 (1978 Repl. Vol. 8), provides:

> "The court shall order reasonable fees of counsel, experts, and the child's guardian ad litem and other costs of the action and pretrial proceedings, including blood tests, to be paid by the parties in proportions and at times determined by the court."

The meaning of this clause in the statute is clear. Judicial construction, therefore, is not warranted. *Tompkins v. DeLeon*, 197 Colo. 569, 595 P.2d 242 (1979).

The Department argues that an award of attorney fees would create a chilling effect on mothers of illegitimate children, and the Department of Social Services, who would be reluctant to file suit and risk the imposition of paying a defendant should they be unsuccessful at trial. While this argument is reasonable, we must assume that the General Assembly was aware of the possible ramifications of the statute. We may not, therefore, construe the statute otherwise.

Next, the Department argues that because its actions are required by 45 *C.F.R.* § 232.12, assessing costs would render it overcautious in instigating paternity actions thereby imposing an impermissible burden on federal policy. Thus, it claims that the assessment of costs and attorney fees is precluded by the supremacy clause of the United States Constitution.

The supremacy clause does invalidate state laws that unreasonably obstruct mandated federal policies. *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579

(1819). However, where, as here, the burden is voluntarily assumed by a state as a prerequisite to receiving federal financial assistance, the United States Constitution is not violated. *Steward Machine Co. v. Davis*, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937). *Cf. New York State Dep't of Social Services v. Dublino*, 413 U.S. 405, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973).

Finally, the Department claims that the award of attorney fees and costs in these actions was punitive and an abuse of the trial court's discretion. The Department points out that courts usually assess these expenses as a penalty for bringing frivolous actions or to punish bad faith; and since no such allegation was made against the Department for bringing these actions in bad faith, it claims that an award of attorney fees and costs was inappropriate. However, § 19–6–117, C.R.S.1973 (1978 Repl. Vol. 8), does not predicate an award of attorney fees and costs upon a showing of bad faith. The statute is plain and unambiguous, and unless the court clearly abuses its discretion, its determination will not be disturbed on appeal. *Professional Rodeo Cowboys Ass'n, Inc. v. Wilch, Smith & Brock*, 42 Colo.App. 30, 589 P.2d 510 (1978).

■ The trial court did include in its award a charge for the mileage of certain expert witnesses who reside out-of-state and who were not under a Colorado subpoena. Under § 13–33–103, C.R.S.1973, out-of-state witnesses not under subpoena are not entitled to a mileage fee. *Union Pacific R. R. v. Brower*, 60 Colo. 579, 155 P. 312 (1916). *Crawford v. French*, Colo.App., 633 P.2d 524 (1981). Therefore, we reverse that part of the award of costs which includes mileage for out-of-state witnesses. These witnesses, however, are entitled to fees for the time actually spent in the courtroom. *Crawford, supra.* Appellees concede the Department's argument that the award of $653 to a guardian ad litem in the P. M. M. case must be reversed. We decline to accept this concession of error because the statute specifically allows such award. However, reimbursement must be to the party that paid the guardian fee.

That part of the judgments awarding attorney fees is affirmed. The awards of costs are also affirmed except as to mileage for out-of-state witnesses. The cause is remanded to the trial court for the purpose of correcting its judgments in a manner consistent with this opinion.

ENOCH, C. J., and VAN CISE, J., concur.