Cecelia **VALLEJO**, Plaintiff–Appellee,

v.

Earnest **ELDRIDGE**,
Defendant–Appellant.

No. 87CA0991.

Colorado Court of Appeals,
Div. V.

Oct. 27, 1988.

Melat & Pressman, E. Steven Ezell, Colorado Springs, for plaintiff-appellee.

Kane & Donley, Jerry Alan Donley, Colorado Springs, for defendant-appellant.

PLANK, Judge.

In this negligence action, defendant, Earnest Eldridge, appeals the judgment entered on a jury verdict awarding damages to plaintiff, Cecelia Vallejo. We affirm.

Plaintiff, a tenant in an apartment owned by the defendant, slipped and fell on the defendant's property. She initiated this action, alleging the area where she fell was dangerous and the defendant knew it to be dangerous, yet he continued to maintain the property in a negligent manner.

The defendant generally denied every allegation contained in the plaintiff's complaint, and alleged that his negligence, if any, was exceeded by the negligence on the part of the plaintiff.

The jury returned a verdict finding plaintiff 40% negligent and the defendant 60% negligent.

### I.

Plaintiff initially contends this court is without jurisdiction since the defendant allegedly did not file his notice of appeal within forty five days of the denial of his motion for new trial. We disagree.

The jury returned its verdict on January 15, 1987. The minute order for that date reads "judgment enters on the verdict"; however, no monetary amount was specified nor were the plaintiff's or defendant's names mentioned. The minute order does not satisfy the requirements of C.R.C.P. 58(a)(2) for a "written form of the judgment," and compliance with C.R.C.P. 58(a)(2) was required since this case involved a special verdict.

The court complied with the rule by filing a written judgment on May 19, 1987, in favor of the plaintiff and against the defendant in the amount of $135,662.49, including interest, plus costs in the amount of $1,911.16. We conclude that this was the date of final judgment as this written ruling adjudicated all the claims, rights, and liabilities of the parties. As a result, the notice of appeal was filed by the defendant within the proper time.

### II.

The defendant contends the trial court erred by allowing evidence of a subsequent remedial repair. We disagree.

Plaintiff testified she fell in a ditch on the defendant's premises on May 26, 1984. While testifying, defendant stated he had made changes in the ditch only prior to the time of the fall. He was then questioned concerning whether he had previously testified that changes had occurred in 1985 after the fall. That question was proper impeachment. CRE 407 authorizes testimony as to subsequent remedial measures when offered for purposes of impeachment. *Larsen v. Archdiocese of Denver,* 631 P.2d 1163 (Colo.App.1981).

### III.

The defendant asserts a mistrial should have been granted based on remarks concerning insurance by a prospective juror. We disagree. The prospective juror, in response to questions by the trial court, stated she had fallen off her son-in-law's porch and and injured herself. She indicated she would make a claim for medical benefits under the homeowner's policy of her son-in-law. The trial court did not

find anything prejudicial in the juror's remarks.

The trial court is in the best position to determine this issue, and we will not substitute our judgment in the absence of an abuse of discretion. *People v. Ashley,* 687 P.2d 473 (Colo.App.1984). The mention of insurance in this fashion does not require a mistrial.

## IV.

 The defendant also asserts a mistrial should have been granted when the plaintiff testified about receiving Medicaid payments. We disagree. We do not perceive any prejudice to the defendant. The plaintiff did not make any claim for bills paid for by Medicaid. The bills admitted into evidence were those for which she was personally responsible. Additionally, the trial court instructed the jury to disregard the comment about Medicaid. We presume the jury followed the court's instruction. *People v. Lesh,* 668 P.2d 1362 (Colo.1983).

## V.

Defendant further contends the trial court erred in allowing testimony of the plaintiff and an economist as to possible future lost earning capacity of the plaintiff. We disagree.

The defendant argues that all testimony in this area is pure speculation since the plaintiff had never worked as a manicurist or a nail technician. Defendant submits *Professional Rodeo Cowboys Ass'n v. Wilch, Smith & Brock,* 42 Colo.App. 30, 589 P.2d 510 (1978) as controlling in this situation. However, that case is not applicable here since it deals with net profits of a business. The plaintiff here was making a claim for loss of earning capacity, which is a proper element of damages. *See Moyer v. Merrick,* 155 Colo. 73, 392 P.2d 653 (1964).

## VI.

Lastly, the defendant contends the verdict was contrary to the law and the facts. Again, we disagree. The jurors by their verdict elected to accept the medical testimony presented by the plaintiff rather than the evidence of other physicians. These matters are jury issues, and we cannot substitute our judgment for that of the jury. *See Ford v. Board of County Commissioners,* 677 P.2d 358 (Colo.App.1983).

JUDGMENT AFFIRMED.

SMITH and VAN CISE, JJ., concur.